**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| | | FILED:  AUGUST 7, 2008 |
| | ) | 08CV4480 |
| LENKA PASTORNICKA, | ) | JUDGE NORGLE |
| | ) | MAGISTRATE JUDGE COLE |
| Plaintiff, | ) | NF |
| | ) | |
| v. | ) | |
| | ) | No.: (Formerly Cook County Case No. |
| TICOR TITLE INSURANCE CO., | ) | 08CH26892) |
| WACHOVIA FINANCIAL SERVICES INC., | ) | Complaint Filed:  July 24, 2008 |
| STEVEN WEAVER individually and d/b/a | ) | |
| ACAPULCO HOME LOANS and | ) | |
| ACAPULCO HOME LOANS, | ) | |
| | ) | |
| Defendants. | | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to provisions 1441 and 1446 of Title 28 of

the United States Code, Defendant Wachovia Mortgage, FSB, successor in interest to World

Savings Bank, FSB (Wachovia), sued erroneously herein as Wachovia Financial Services, Inc.,

hereby removes the above-captioned action from the Circuit Court of Cook County, Illinois,

Case No. 08CH26892, to the United States District Court for the Northern District of Illinois.  In

support thereof, Wachovia alleges as follows:

1.      On July 24, 2008, Lenka Pastornicka (Plaintiff), filed the above-captioned case in

the Circuit Court of Cook County, Illinois (Case No. 08CH26892).  A true and correct copy of

Plaintiff's Complaint and the rest of the Circuit Court case file is attached hereto as Exhibit A.

2.      No further proceedings have been had in this action.

3.      Plaintiff's suit against Wachovia, Ticor Title Insurance, Co., Steven Weaver and Acapulco Home Loans alleges, *inter alia*, breach of statutory duties by each named defendant under the federal Truth In Lending Act, 15 USC Section 1602 *et. seq*. (TILA) and the amendments to TILA in the federal Home Owner Equity Protection Act, 15 USC Section 1635, *et. seq*. (HOEPA).  The Third and Fourth Counts in the Complaint squarely rest upon and assert claims for relief against all defendants, including Wachovia, for alleged violation of TILA and HOEPA and federal regulations implementing TILA.  Further, Plaintiff grounds her Fifth Count in the Real Estate Settlement Procedures Act , 15 USCS 1681 (RESPA).  Under the Third through Fifth Counts, Plaintiff seeks, *inter alia*, federal statutory damages and statutory equitable relief from all defendants.

4.      Plaintiff's causes of action against Wachovia for violation of TILA, HOEPA and RESPA are actions of a civil nature in which the District Courts of the United States have been given original jurisdiction, in that it arises under the laws of the United States within the meaning of 28 U.S.C. Section 1331.  Section 1331 of Title 28 provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States."  It has long been established that defendant may remove an action where the plaintiff's claims necessarily require the resolution of a substantial federal question.  *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 163 (1997).  Therefore, this is an action against Wachovia over which this court would have had original jurisdiction had it been filed initially in this court, and removal to this court is proper under the provision of 28 U.S.C. § 1441.

5.      The two other causes of action Plaintiff asserts both arise out of or relate in part to the same set of alleged facts and are part of the same case and controversy as the claims in the Third through Fifth Counts, and thus this court may assume supplemental jurisdiction over those claims within the meaning of 28 U.S.C. § 1367(a).  The First and Second Counts in the Complaint are transactionally related to the Third through Fifth Counts in that they allege, *inter alia*, that Defendants failed to disclose the true terms of Plaintiff's loan.  All of the claims in the

Complaint involve a common nucleus of operative facts regarding representations and disclosures to Plaintiff and the actual terms that Plaintiff agreed to with respect to her loan. Therefore, removal to this court of this entire action is proper under the provisions of 28 U.S.C. Sections 1367 and 1441.

6.    This Notice of Removal is timely under Section 1446(b) of Title 28 of the United States Code, and controlling authority in this District, because this Notice of Removal is filed within 30 days of Wachovia's receipt of Plaintiff's Complaint.

7.    To Wachovia's knowledge, the non-removing defendants have not yet been served in this action. Removal is thus proper in this action.

Dated:  August 7, 2008                          Respectfully submitted,


                                    By:  /s/ Gary S. Caplan
                                         Gary S. Caplan
                                         REED SMITH LLP
                                         10 South Wacker Drive
                                         Chicago, IL  60606-7507
                                         Telephone:   +1 312 207 1000
                                         Facsimile:   +1 312 207 6400


                                         *Counsel for* Defendant
                                         Wachovia Financial Services Inc.

- 3 -

## <u>CERTIFICATE OF SERVICE</u>

I, Gary S. Caplan, an attorney for Defendant, hereby certify a copy of the foregoing

Notice of Removal was served on the below individual via ECF filing and U.S. Mail on the 7th

day of August, 2008.

> Roger H. Lee
> The Law Offices of Roger H. Lee
> 111 W. Washington St., Suite 1201
> Chicago, IL 60602


> /s/ Gary S. Caplan
>         Gary S. Caplan

```
08CV4480
JUDGE NORGLE
MAGISTRATE JUDGE COLE
NF
```



# CORPORATION SERVICE COMPANY®

BZS / ALL
Transmittal Number: 5948875
Date Processed: 08/04/2008

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Ms. Joyce Camp<br>Wachovia Corporation<br>One Wachovia Center<br>301 S. College St. NC0600<br>Charlotte, NC 28202 |

| | |
|---|---|
| **Entity:** | Wachovia Financial Services, Inc.<br>Entity ID Number  0543983 |
| **Entity Served:** | Wachovia Financial Services, Inc. |
| **Title of Action:** | Lenka Pastornicka vs. Ticor Title Insurance Co. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Other |
| **Court:** | Circuit Court  Cook County, Illinois |
| **Case Number:** | 08CH26892 |
| **Jurisdiction Served:** | Illinois |
| **Date Served on CSC:** | 08/04/2008 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Plaintiff's Attorney:** | Roger H. Lee<br>312-606-9528 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

CCG N001-10M-1-07-05 (                )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, Chancery                DIVISION

(Name all parties)
Lenka Pastronicka

v.

Ticor Title Insurance, Co.; Wachovia Financial Services, Inc.;
Steven Weaver, Acapulco Home Loans

No. _08 CH 26892_

Prentice Hall Corporation, on behalf of
Wachovia Financial Services, Inc.
33 N. LaSalle Street,
Chicago, Illinois 60602

### SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 802 _____, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

**You must file within 30 days after service of this Summons, not counting the day of service.**
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 41961

Name: Law Office of Roger H. Lee

Atty. for: Plaintiff

Address: 111 W. Washington, Suite 1201

City/State/Zip: Chicago, Illinois 60601

Telephone: (312) 606-9528

Service by Facsimile Transmission will be accepted at: _____

WITNESS, JUL 2 5 2008 _____,  _____

**DOROTHY BROWN**
CLERK OF CIRCUIT COURT

_____ Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 ( ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, Chancery _____ DIVISION

(Name all parties)

Lenka Pastronicka

v.

Ticor Title Insurance, Co.; Wachovia Financial Services, Inc.; Steven Weaver, Acapulco Home Loans

No. _08 CH 26892_

Prentice Hall Corporation, on behalf of
Wachovia Financial Services, Inc.
33 N. LaSalle Street,
Chicago, Illinois 60602

## SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ **Richard J. Daley Center, 50 W. Washington, Room** 802 _____, Chicago, Illinois 60602

☐ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

☐ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

☐ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

☐ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 41961

Name: Law Office of Roger H. Lee

Atty. for: Plaintiff

Address: 111 W. Washington, Suite 1201

City/State/Zip: Chicago, Illinois 60601

Telephone: (312) 606-9528

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____ JUL 25 2008 _____, _____

DOROTHY BROWN
CLERK OF CIRCUIT COURT

_____
Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

_____ _____
(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | | |
|---|---|---|
| LENKA PASTORNICKA, | ) | |
| | ) | |
| Plaintiff, | ) | **0 8 C H 2 6 8 9 2** |
| | ) | |
| v. | ) No. | |
| | ) | FILED |
| TICOR TITLE INSURANCE CO., | ) | CH-002 |
| WACHOVIA FINANCIAL SERVICES | ) | |
| INC., STEVEN WEAVER individually | ) | JUL 2 4 2008 |
| and d/b/a ACAPULCO HOME LOANS | ) | |
| and ACAPULCO HOME LOANS | ) | DOROTHY BROWN |
| | ) | CLERK OF THE CIRCUIT COURT |
| Defendants. | ) | OF COOK COUNTY, IL |
| | ) | |

## COMPLAINT

1. Plaintiff, LENKA PASTORNICKA ("Plaintiff"), brings their action against Defendants
   TICOR TITLE COMPANY, WACHOVIA FINANCIAL SERVICES INC., STEVEN
   WEAVER individually and d/b/a ACAPULCO HOME LOANS and ACAPULCO HOME
   LOANS (Collectively "Defendants") seeking redress for damages suffered due to
   Defendants' misrepresentations, common law fraud, consumer fraud, violation of the Truth
   In Lending Act 15 U.S.C. 1638 *et seq.* ("TILA"), breach of contract, violations of the Real
   Estate Settlement Procedures Act 12 USCS § 2605 *et seq.* ("RESPA") and Accounting in
   relation to refinancing of the mortgage on Plaintiff's home.

## PARTIES

2. Plaintiff, Lenka Pastornicka, is an individual who resides in Elmwood Park, County of Cook,
   Illinois.

3. Defendant, Ticor Title Insurance Company, is an Illinois corporation which maintains offices
   and does business within the State of Illinois. Their registered agent for service is CT

1

Corporation System, with an address located at 208 S. LaSalle Street, Suite 814, Chicago, Illinois 60604. Defendant is primarily engaged in the business of providing services relating to title acquisition relating to property purchases.

4. Defendant Wachovia Financial Services, Inc., is a North Carolina corporation which maintains offices and does business within the State of Illinois. Their registered agent for service is Prentice Hall Corporation, with an address located at 33 N. LaSalle Street, Chicago, Illinois 60602. Defendant is primarily engaged in the business of providing and servicing loans related to residential and commercial real estate.

5. Defendant Steven Weaver d/b/a Acapulco Home Loans is a real estate agent/mortgage broker that maintains offices and does business within the State of Illinois. Defendant Weaver does business as Acapulco Home Loans with an address located at 1904 S. Cicero, Illinois 60804.

6. Defendant Acapulco Home Loans is a real estate mortgage brokerage that maintains offices and does business within the State of Illinois. Defendant Acapulco maintains an address at 1904 S. Cicero, Illinois 60804.

## FACTS RELATING TO MULTIPLE COUNTS

7. On or about June of 2007, Plaintiff saw an advertisement for refinancing of home loans by Horizon Mortgage Company.

8. On or about June 28, 2007, Plaintiff contacted the number listed on the advertisement to inquire about refinancing her home loan and reached Defendant Steven Weaver.

9. On or about July 3, 2007, Defendant Steven Weaver persuaded Plaintiff Lenka Pastornicka to meet with him at his office to try to convince her to refinance her home loan through his company, New Horizon Mortgage.

10. During their meeting Defendant Steven Weaver told the Plaintiff that he could reduce the

interest rate and monthly payment on the two mortgages she maintained on her home.

11. Due to Defendants' representations, Plaintiff agreed to refinance her mortgages with Defendants. Shortly after their initial July 3, 2007 meeting, Defendant Weaver, on information and belief, began operating from a new company, Acapulco Home Loans.

12. In an effort to obtain financing on the terms represented by the Defendants, Plaintiff signed a uniform residential loan application (Exhibit A).

13. Among the proposed terms of the loan, which Plaintiff relied upon to her detriment, was an interest rate of 1.5 %.

14. Another proposed term of the loan, which Plaintiff relied upon to her detriment, was a proposed monthly payment of $1,171.63, a substantial reduction of her current approximate monthly payment of $2,600.00.

15. Plaintiff's mortgage was supposed to go to closing on or about Thursday, August 16, 2007. Prior to the closing date, Defendant Steven Weaver called Plaintiff and told her the closing date was changed to Friday, August 17, 2007.

16. On the advice of Defendant Steven Weaver, Plaintiff did not attend the closing. Instead of going to the purported August 17th, 2007 closing, Plaintiff signed one HUD statement (attached hereto as Exhibit B) for one mortgage presented by Defendant Steven Weaver late Friday afternoon at Plaintiff's place of business on August 17th, 2007. Plaintiff believed that Exhibit B represented a mortgage in accordance with the terms set forth in Exhibit A.

17. Unbeknownst to Plaintiff, a mortgage including a separate HUD statement was created in relation to Plaintiff's mortgage (Exhibit C). Plaintiff never signed Exhibit C, does not know who signed Exhibit C and was unaware of Exhibit C's existence until after the loan was consummated. All of these documents were dated Thursday, August 16, 2007, even though

Plaintiff signed all documents on Friday, August 17th, 2007.

18. In addition to the second mortgage, an Adjustable Rate Mortgage (ARM) was created bearing the same loan number and loan amount as the first mortgage (Exhibit D). However, Plaintiff never signed or initialed these documents.

19. Plaintiff first learned that there was a second mortgage on her home when her first loan payment became due and the payment was substantially more than the amount set forth in Exhibit A and in fact higher than her original mortgages.

20. That Defendant World Savings Bank serviced Plaintiff's initial mortgages.

21. That Defendant Wachovia Corporation now services both of Plaintiff's current mortgages.

22. That Plaintiff took nothing away from the closing on either mortgages, borrowed no money against either current mortgage and did not intend to receive any money from the refinancing of the mortgages. In fact, Plaintiff paid Defendant Steven Weaver approximately $3,500.00 (Thirty-Five-Hundred Dollars) for what Defendant Weaver stated at the time was required for property taxes which were supposedly due. Plaintiff merely believed that under the refinancing terms set forth in Exhibit A and as represented by the Defendants her interest rate would be lower and her monthly payments would be reduced.

23. That at all relevant times, Steven Weaver acted as an actual agent of the Defendants.

24. In the alternative, at all relevant times, Steven Weaver was an actual or implied agent of the Defendants.

25. That Plaintiff was never provided with disclosures or a notice of right to rescind as required by the Truth in Lending Act, 15 U.S.C. § 1671, *et seq.*

26. That on or about November 21, 2007, Plaintiff sent a notice of her intent to rescind the loans pursuant to the Truth in Lending Act, 15 U.S.C. § 1671, *et seq.* (Exhibit E). Similar notice

was forwarded to Ticor Title Insurance Co. on December 31, 2007 (Exhibit F). Two

subsequent notices were sent to Wachovia Corporation on January 14, 2008 (Exhibit G) and

April 24, 2008 (Exhibit H).

27. Defendants have refused to rescind the loans.

28. That on or about November 21, 2007 Plaintiff sent Defendants a qualified written request

pursuant to 12 USCS § 2605 et seq. for information relating to the servicing of said loan

pursuant to the Real Estate Settlement Procedures Act, 12 USCS § 2605 *et seq.* (Exhibit E).

29. Defendants have refused to honor Plaintiff's request.

## COUNT I COMMON LAW FRAUD

30. Plaintiff incorporates paragraphs 1-29 above by reference herein.

31. Defendants made numerous false representations and deceptive omissions to the Plaintiff,

including but not limited to the following:

    a.  Misrepresenting the interest rate which would apply to the mortgage;

    b.  Misrepresenting the monthly payment which would apply to the mortgage;

    c.  Fraudulently executing a second mortgage on Plaintiff's home;

    d.  Forging Plaintiff's name to loan documents in an effort to enter a second

        mortgage on Plaintiff's home;

    e.  Notarizing and closing on a HUD document which was clearly and obviously a

        forgery; and,

    f.  Misrepresenting the nature of their business practices and the business practices of

        Steven Weaver.

32. Information as to the true nature and terms of the mortgages Defendants intend to place on

Plaintiff's home were material to Plaintiff as it concerned her credit and financial

wherewithal and directly effected the amount paid under the loan.

33. Defendants knew or should have known that the terms set forth in Exhibit A did not comport with the terms set forth in Exhibits B, C, and D.

34. Defendants intentionally misrepresented the terms available to the Plaintiff in a refinance through their misrepresentations and the misrepresentations set forth in Exhibit A.

35. Defendants knew or should have known that the terms under the original mortgage were different than the terms of the new mortgages and that the terms of the new mortgages were not beneficial to the Plaintiff.

36. Defendants knew or should have known that Plaintiff received no benefit and in fact was adversely effect by the new mortgages.

37. Defendants' misrepresentations and omissions were intentionally designed to misrepresent the overall business practices of the Defendants, in order to induce Plaintiff to enter into a mortgage(s) with the Defendants.

38. Plaintiff relied on Defendants' false representations and omissions and was deceived as to the overall nature of Defendants' business and the terms of the mortgages entered on her behalf.

39. Plaintiff's reliance was reasonable under the circumstances because of the intentional misrepresentations and omissions of Defendants' agent, Steven Weaver, and the manner and method by and circumstances under which those misrepresentations were made to the Plaintiff.

40. As a result of Defendants' conduct, Plaintiff suffered significant pecuniary injury and other damages.

41. Defendants' fraudulent conduct was committed intentionally and with willful disregard for Plaintiff's rights. Therefore, substantial punitive damages are warranted.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in her favor and against the Defendants and award the following relief:

a.    Actual damages in an amount to be determined at trial;

b.    The immediate rescission of the new mortgages;

c.    Compensatory damages for Plaintiff's inconvenience, aggravation, and damage to Plaintiff's credit rating;

d.    Punitive damages in an amount sufficient to deter Defendants from engaging in such deceptive conduct in the future;

e.    Attorney fees and costs of suit; and,

f.    Such other or further relief as the Court deems appropriate.

## COUNT II -- CONSUMER FRAUD ACT

42. Plaintiff incorporates paragraphs 1-41 above by reference herein.

43. At all relevant times there was in effect the Illinois Consumer Fraud and Deceptive Practices Act which states in pertinent part:

(815 ILCS 505/2) (from Ch. 121 1/2, par. 262)

Sec. 2. Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby...

44. Defendants engaged in the transaction with Plaintiff in the course of their business or trade.

45. Defendants made and/or ratified false statements and omissions of material fact, as set forth above, relating to their business practices and the terms of the Plaintiff's mortgage(s).

7

46. Plaintiff suffered pecuniary injuries as a result of her reliance on Defendants' representations, as set forth above.

47. Defendants acted in an intentionally fraudulent and oppressive manner.

48. In the alternative, Defendants negligently misrepresented the true nature of their illegal business practices and negligently entered fraudulent mortgages against the Plaintiff's home.

49. Defendants had a duty, as a result of their superior knowledge regarding their business practices, to accurately disclose the true fees and charges related to the mortgage and the nature of their relationship with Steven Weaver.

50. Defendants breached their duty to accurately disclose the true nature of their business practices by failing to inform the Plaintiff of their relationship with Steven Weaver and the true terms of the mortgage(s) on Plaintiff's home.

51. Defendants intended and expected that Plaintiff would rely on the misrepresentations made during the subject transaction.

52. Plaintiff relied on the misrepresentations made during the course of the subject transaction.

53. The Defendants' misrepresentations proximately caused damage to Plaintiff in that but for Defendants' misrepresentations, Plaintiff would not have refinanced her mortgages with through the Defendants.

54. That Defendants' willful disregard of or purposeful forgery of Plaintiff's signature constitutes a willful violation of the Illinois Consumer Fraud Act.

55. The conduct of Defendants in their case demonstrates a public injury, pattern or effect on consumers in the public interest generally, in that it involves multiple misrepresentations. Moreover, because Defendants is still engaged in the mortgage business, and has demonstrated a callous disregard for the rights and safety of their customers by the manner in

which it treated Plaintiff, there is great potential for repetition of the type of conduct complained of herein.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in her favor and against Defendants and award the following relief:

a.    Actual damages in an amount to be determined at trial;

b.    The immediate rescission of the new mortgages;

c.    Compensatory damages for Plaintiff's inconvenience, aggravation, and damage to Plaintiff's credit rating;

d.    Punitive damages in an amount sufficient to deter Defendants from engaging in such deceptive conduct in the future;

e.    Attorney fees and costs of suit; and,

f.    Such other or further relief as the Court deems appropriate.

## <u>COUNT III – TILA DISCLOSURES</u>

56. Plaintiff incorporates paragraphs 1-55 above by reference herein.

57. Defendants violated the Truth in lending Act and Regulation Z during the course of the consumer credit transaction in the following respects:

a.    By failing to provide the required disclosures prior to the consummation of the transaction in violation of 15 U.S.C. § 1638(b) and Regulation z § 226.17(b);

b.    By failing to make required disclosures clearly and conspicuously in writing in violation of 15 U.S.C. § 1638(a) and Regulation z § 226.17(a);

c.    By failing to accurately disclose the annual percentage rate in violation of 15 U.S.C. § 1638(a)(4) and Regulation z § 226.18(e); and,

e.    By failing to accurately disclose the total of payments in violation of 15 U.S.C. §

1638(a)(5) and Regulation z § 226.18(g).

58. By reason of the aforesaid violations of the TILA and Regulation Z, Defendants are liable to

Plaintiff in the amount of twice the finance charge, actual damages to be established at trial,

and attorneys fees and costs in accordance with 15 U.S.C. § 1640.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in her favor and against

Defendants and award the following relief:

a.    Rescind Plaintiff's transaction with Defendants dated August 16th, 2007;

b.    Take all action necessary to terminate any security interest in Plaintiff's property

created under the transaction and that the Court declare all such security interests void,

including but not limited to the mortgage(s) related to the transaction dated August 16th,

2007;

c.    Return to the Plaintiff any money or property given by Plaintiff to anyone,

including Defendants, in connection with the transaction;

d.    Enjoin Defendants during the pendency of the action, and permanently thereafter,

from instituting, prosecuting, or maintaining foreclosure proceedings on Plaintiff's

property, from recording any deeds or mortgages regarding the property or from

otherwise taking any steps to deprive Plaintiff of ownership of that property;

e.    Award Plaintiff twice the finance charge in connection with the transaction, but

not less than $200 or more than $2,000, for Defendants' failure to make accurate, timely

TILA disclosures, as provided under 15 U.S.C. § 1640(a);

f.    Award Plaintiff twice the finance charge in connection with the transaction, but

not less than $200 or more than $2,000, for the Defendants' failure to timely rescind its

security interest in Plaintiff's property, as provided under 15 U.S.C. § 1640(a);

g.    Award Plaintiff actual damages in an amount to be established at trial;

h.    Award to Plaintiff her costs, litigation expenses, and reasonable attorneys' fees as

provided under 15 U.S.C. § 1640(a); and,

i.    Award such other and further relief as the Court deems just and proper.

## COUNT IV – TILA RESCISSION

59. Plaintiff incorporates paragraphs 1-58 above by reference herein.

60. The consumer credit transaction was subject to the Plaintiff's right of rescission as described

by 15 U.S.C. § 1635 and Regulation Z § 226.23 (12 C.F.R. § 226.23).

61. In the course of the consumer credit transaction, the Defendants violated 15 U.S.C. § 1635(a)

and Regulation Z § 226.23(b) by failing to deliver to the Plaintiff two copies of the notice of

right to rescind.

62. In the course of the consumer credit transaction, Defendants failed to deliver all "material"

disclosures required by the Act and Regulation Z, including the following:

a.    By failing to clearly and accurately disclose the "finance charge,"

using that term, in violation of Regulation Z §§ 226.4 and 226.18(d) and 15

U.S.C. § 1638(a)(3).

b.    By failing to clearly and accurately disclose the "annual percentage

rate," using that term in violation of Regulation Z § 226.18(e) and 15 U.S.C.

§ 1638(a)(4).

c.    By failing to properly disclose the number, amounts, and timing of

payments scheduled to repay the obligation, in violation of Regulation Z §

226.18(g) and 15 U.S.C. § 1638(a)(6).

d.    By failing to clearly and accurately disclose the "total of payments,"

using that term in violation of Regulation Z § 226.18(h) and 15 U.S.C. §

11

1638(a)(5).

63. The Plaintiff has a continuing right to rescind the transaction until the third

business day after receiving both the notice described in paragraph 14 and all

"material" disclosures described in paragraph 7, pursuant to 15 U.S.C. §

1635(a) and Regulation Z § 226.23(a)(3).

64. On November 21, 2007, the Plaintiff rescinded the transaction by sending to the Defendants,

Wachovia Mortgage by certified mailing, postage prepaid, return receipt requested, a notice

of rescission (Exhibit E).

65. Defendants have failed to take any action necessary or appropriate to reflect the termination

of any security interest created under the transaction, including the security interest described

in Paragraph 13, as required by 15 U.S.C. § 1635(b) and Regulation Z § 226.23(d)(2).

66. Defendants have failed to return to the Plaintiff any money or property given by the

Plaintiffs to anyone, including Defendant, as required by 15 U.S.C. § 1635(b) and

Regulation Z § 226.23(4)(2).

67. As a result of the aforesaid violations of the TILA and Regulation Z, pursuant to 15 U.S.C.

§§ 1635(a) and 1640(a), Defendants are liable to Plaintiff for:

   a.    Rescission of the transaction;

   b.    Termination of any security interest in Plaintiff's property created under the

transaction;

   c.    Return of any money or property given by the Plaintiff to anyone, including

Defendant, in connection with the transaction;

   d.    For failure to rescind the transaction, twice the finance charge in connection

with the transaction, but not less than $200 nor more than $2,000;

e.    Actual damages in an amount to be determined at trial; and,

f.    Costs, litigation expenses, and a reasonable attorney's fees.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in her favor and against Defendants and award the following relief:

a.    Rescind Plaintiff's transaction with Defendants dated August 16, 2007;

b.    Take all action necessary to terminate any security interest in Plaintiff's property created under the transaction and that the Court declare all such security interests void, including but not limited to the mortgage(s) related to the transaction dated August 16, 2007;

c.    Return to the Plaintiff any money or property given by Plaintiff to anyone, including Defendants, in connection with the transaction;

d.    Enjoin Defendants during the pendency of the action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on Plaintiff's property, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive Plaintiff of ownership of that property;

e.    Award Plaintiff twice the finance charge in connection with the transaction, but not less than $200 or more than $2,000, for Defendants' failure to make accurate, timely TILA disclosures, as provided under 15 U.S.C. § 1640(a);

f.    Award Plaintiff twice the finance charge in connection with the transaction, but not less than $200 or more than $2,000, for the Defendants' failure to timely rescind its security interest in Plaintiff's property, as provided under 15 U.S.C. § 1640(a);

e.    Award Plaintiff actual damages in an amount to be established at trial;

f.    Award to Plaintiff her costs, litigation expenses, and reasonable attorneys' fees as

provided under 15 U.S.C. § 1640(a); and,

j.    Award such other and further relief as the Court deems just and proper.

## COUNT V

## REAL ESTATE SETTLEMENT PROCEDURES ACT-SERVICING OF MORTGAGE LOANS AND ADMINISTRATION OF ESCROW ACCOUNTS

68. Plaintiff incorporates paragraphs 1-67 above by reference herein.

69. At all relevant times, there was in effect the Real Estate Settlement Procedures Act, § 2605,

which states in pertinent part:

a.    Disclosure to applicant relating to assignment, sale or transfer of loan servicing. Each person who makes a federally related mortgage loan shall disclose to each person who applies for the loan, at the time of application for the loan, whether the servicing of the loan may be assigned, sold, or transferred to any other person at any time while the loan is outstanding.

b.    Notice by transferor or loan servicing at time of transfer.

1.  Notice requirement. Each servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person.

2.  Time of notice.
A.    In general. Except as provided Under subparagraphs (B) and (C), the notice required under paragraph (1) shall be made to the borrower not less than 15 days before the effective date of transfer of the servicing of the mortgage loan (with respect to which such notice is made).

70. At all relevant times, there was in effect the Real Estate Settlement Procedures Act, § 2605,

which further states in pertinent part:

(e)    Duty of loan servicer to respond to borrower inquiries.
(1)    Notice of receipt of inquiry.
(A)    In general. If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the

correspondence within 20 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period.

(B)    Qualified written request. For purposes of this subsection, a qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that--

    (i)    includes, or otherwise enables the servicer to identify, the name and account of the borrower; and

    (ii)    includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

(2)    Action with respect to inquiry. Not later than 60 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any qualified written request under paragraph (1) and, if applicable, before taking any action with respect to the inquiry of the borrower, the servicer shall--

(A)    make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification of such correction (which shall include the name and telephone number of a representative of the servicer who can provide assistance to the borrower);

(B)    after conducting an investigation, provide the borrower with a written explanation or clarification that includes--

    (i)    to the extent applicable, a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer; and

    (ii)    the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower; or

(C)    after conducting an investigation, provide the borrower with a written explanation clarification that includes--

    (i)    information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and

    (ii)    the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower.

(3)    Protection of credit rating. During the 60-day period beginning on the date of the servicer's receipt from any borrower of a qualified written request relating to a dispute regarding the borrower's payments, a servicer may not provide information regarding any overdue payment, owed by such borrower and relating to such period or qualified written request, to any

consumer reporting agency (as such term is defined under section 603 of the Fair Reporting Act [*15 USCS § 1681a*]).

71. Defendants have violated § 2605 of RESPA by failing to notify Plaintiff of the loan transfer fifteen (15) days prior to the effective transfer date as set forth above.

72. Further Defendants have failed to respond to Plaintiff's qualified written request as set forth above.

**WHEREFORE,** Plaintiff requests that the Court enter judgment in her favor and against Defendants and award the following relief:

a.    Actual damages in an amount to be determined at trial;

b.    The immediate rescission of the new mortgages;

c.    Compensatory damages for Plaintiff's inconvenience, aggravation, and damage to Plaintiff's credit rating;

d.    Additional damages, due to Defendants pattern or practice of noncompliance with the requirements § 2605 of RESPA, in an amount not to exceed $ 1,000;

e.    Attorney fees and costs of suit; and,

f.    Such other or further relief as the Court deems appropriate.

**COUNT VII
ACCOUNTING**

73. Plaintiff incorporates paragraphs 1-72 above by reference herein.

74. As the servicer of Plaintiff's mortgage, Defendants have control over Plaintiff's property and/or mortgage on her home.

75. While in control of and having responsibility over Plaintiff's mortgage Defendants fraudulently changed the terms of and number of mortgages entered on Plaintiff's home.

76. That on or about November 21, 2007 Plaintiff sent Defendants a qualified written request pursuant to 12 USCS § 2605 et seq. for information relating to the servicing of her loan pursuant to the Real Estate Settlement Procedures Act, 12 USCS § 2605 *et seq*. (Exhibit E).

77. Despite Plaintiff's demand the Defendants have failed to provide an accounting of the terms of the mortgage.

      **WHEREFORE**, Plaintiff requests that the Court enter judgment in her favor and against Defendants and award the following relief:

      a.      Enter an order compelling the Defendants to account as to the exact terms of and terms relating to the servicing of her mortgage;

      b.      Attorney fees and costs of suit; and,

      c.      Such other or further relief as the Court deems appropriate.

                        Respectfully submitted,

                        Roger H. Lee
                        Attorney for Plaintiff

Roger H. Lee
Attorney Number: 41961
The Law Offices of Roger H. Lee
111 W. Washington St., Suite 1201
Chicago, IL 60602
(312) 606-9528

17

**VERIFICATION**

Plaintiff, Ms. Lenka Pastornika, pursuant to 735 ILCS 1-109, verifies that the information set forth above is true and correct to the best of her knowledge, except for those matters alleged to be on information and belief, which Lenka Pastornika believes to be true.

Lenka Pastornika

(Page 1 of 5)

08-15-2007  12:03PM  FROM-Wachovia Oakbrook /L1630        +1 630 928 5794      T-801  P 032/036  F-485



**WORLD SAVINGS**                                           www.worldsavings.com

0046899021

# Uniform Residential Loan/Equity Line of Credit Application

This application is designed to be completed by the applicant(s) with the Lender's assistance. Applicants should complete this form as "Borrower" or "Co-Borrower," as applicable. Co-Borrower information must also be provided (and the appropriate box checked) when □ the income or assets of a person other than the Borrower (including the Borrower's spouse) will be used as a basis for loan qualification or □ the income or assets of the Borrower's spouse or other person who has community property rights pursuant to state law will not be used as a basis for loan qualification, but his or her liabilities must be considered because the spouse or other person has community property rights pursuant to applicable law and Borrower resides in a community property state, the security property is located in a community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan.

If this is an application for joint credit, Borrower and Co-Borrower each agree that we intend to apply for joint credit (sign below)

Borrower _____  Co-Borrower _____

## I. TYPE OF MORTGAGE AND TERMS OF LOAN

| Mortgage Applied for: | VA | | Conventional | X | | Other (explain) | | Agency Case Number | | Lender Case Number |
| | FHA | | USDA/Rural Housing Service | | | | | | | 0046899021 |

| Amount | No. of Months | Amortization Type | | Fixed Rate | | Other (explain) | |
| $404,250.00 | 9.000 % | N | 360 | | GPM | X | ARM (type) | 3 YEAR FIXED RATE PICK-A-PAYMENT |

## II. PROPERTY INFORMATION AND PURPOSE OF LOAN

| Subject Property Address (street, city, state, ZIP) | | No of Units |
| 2705 N 76TH AVE, ELMWOOD PARK, IL 60707-1402 | | 1 |

Legal Description of Subject Property (attach description if necessary)

Year Built 1923

| Purpose of Loan | X | Purchase | | Construction | | Equity Line of Credit | Property will be | | | | |
| | X | Refinance | | Construction-Permanent | | Other (explain) | X | Primary Residence | | Secondary Residence | | Investment |

Complete this line if construction or construction-permanent loan.

| Year Lot Acquired | Original Cost | Amount Existing Liens | (a) Present Value of Lot | (b) Cost of Improvements | Total (a+b) |
| | $ | $ | $ | $ | $ |

Complete this line if this is a refinance loan.

| Year Acquired | Original Cost | Amount Existing Liens | Purpose of Refinance | Describe Improvements | | made | | to be made |
| 0 | $ 243,000.00 | $ 471,733.00 | Other | Cost $ 0.00 | | | | |

| Title will be held in what Name(s) | | Manner in which Title will be held | | Estate will be held in |
| LENKA PASTORNICKA | | | | X | Fee Simple |
| Source of Down Payment, Settlement Charges and/or Subordinate Financing (explain) | | | | | Leasehold (show expiration date) |

## III. BORROWER INFORMATION

|  Borrower  |  Co-Borrower  |

| Borrower's Name (include Jr. or Sr. if applicable) | | Co-Borrower's Name (include Jr. or Sr. if applicable) |
| LENKA PASTORNICKA | | |

| Social Security Number | Home Phone (incl. area code) | DOB (MM/DD/YYYY) | Yrs. School | Social Security Number | Home Phone (incl. area code) | DOB (MM/DD/YYYY) | Yrs. School |
| 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 | (708)453-3790 | 10/27/1968 | | | | | |

Borrower's or Co-Borrower's E-Mail Address

| | Married (include single, divorced, widowed) | X | Unmarried (include single, divorced, widowed) | | Separated | Dependents (not listed by Co-Borrower) no 1 ages 1994 | | Married | | Unmarried (include single, divorced, widowed) | | Separated | Dependents (not listed by Borrower) no ages |

| Present Address (street, city, state, ZIP) | X | Own | | Rent | 4 | No. Yrs | Present Address (street, city, state, ZIP) | | Own | | Rent | No. Yrs |
| 2705 N 76TH | | | | | | | | | | | | |
| ELMWOOD PARK, IL 60707 | | | | | | | | | | | | |

| Mailing Address, if different from Present Address | | Mailing Address, if different from Present Address |

If residing at present address for less than two years, complete the following

| Former Address (street, city, state, ZIP) | | Own | | Rent | No. Yrs | Former Address (street, city, state, ZIP) | | Own | | Rent | No. Yrs |

## IV. EMPLOYMENT INFORMATION

|  Borrower  |  Co-Borrower  |

| Name & Address of Employer | X | Self Employed | Yrs. on this job | Name & Address of Employer | | Self Employed | Yrs. on this job |
| Viva Cafe | | | 2 | | | | |
| 12 Conti Parkway | | | Yrs. employed in this line of work/profession | | | | Yrs. employed in this line of work/profession |
| Elmwood Park, IL 60707 | | | | | | | |

| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |
| Owner | (708)456-4002 | | |

If employed in current position for less than two years or if currently employed in more than one position, complete the following:

| Name & Address of Employer | | Self Employed | Dates (from - to) | Name & Address of Employer | | Self Employed | Dates (from - to) |
| | | | | | | | |
| | | | Monthly Income $ | | | | Monthly Income $ |

| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |

| Name & Address of Employer | | Self Employed | Dates (from - to) | Name & Address of Employer | | Self Employed | Dates (from - to) |
| | | | | | | | |
| | | | Monthly Income $ | | | | Monthly Income $ |

| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |

Borrower's Initials X

Co-Borrower's Initials X

Freddie Mac Form 65  07/05
Fannie Mae Form 1003  07/05

GF468A (2004-03-4)        ALL STATES

Page 1 of 4

0 4 6

LENDER'S USE ONLY



EXHIBIT

A

Blumberg No. 5119

OCT-25-2007 THU 04:28 PM    FAX NO.    P. 31/34

(Page 2 of 8)

08-15-2007  12:03PM  FROM-Wachovia Oakbrook IL1630    +1 630 928 5784    T-901  P 033/038  F-495

## V. MONTHLY INCOME AND COMBINED HOUSING EXPENSE INFORMATION

| Gross Monthly Income | Borrower | Co-Borrower | Total | Combined Monthly Housing Expense | Present | Proposed |
|---|---|---|---|---|---|---|
| Base Empl. Income* | $ 15,000.00 | $ | $ 15,000.00 | Rent | $ 0.00 | |
| Overtime | 0.00 | | 0.00 | First Mortgage (P&I) | 0.00 | $ 0.00 |
| Bonuses | 0.00 | | 0.00 | Other Financing (P&I) | 0.00 | 0.00 |
| Commissions | 0.00 | | 0.00 | Hazard Insurance | 0.00 | 0.00 |
| Dividends/Interest | 0.00 | | 0.00 | Real Estate Taxes | 0.00 | 0.00 |
| Net Rental Income | 0.00 | | 0.00 | Mortgage Insurance | 0.00 | 0.00 |
| Other (before completing, see the notice in "describe other income," below) | 0.00 | 0.00 | 0.00 | Homeowner Assn. Dues | 0.00 | 0.00 |
| | | | | Other | 0.00 | 0.00 |
| Total | $ 15,000.00 | $ | $ 15,000.00 | Total | $ 0.00 | $ 0.00 |

*Self Employed Borrower(s) may be required to provide additional documentation such as tax returns and financial statements.

Describe Other Income    Notice:  Alimony, child support, or separate maintenance income need not be revealed if the Borrower (B) or Co-Borrower (C) does not choose to have it considered for repaying this loan.

| B/C | | Monthly Amount |
|---|---|---|
| | | $ |

## VI. ASSETS AND LIABILITIES

This Statement and any applicable supporting schedules may be completed jointly by both married and unmarried Co-Borrowers if their assets and liabilities are sufficiently joined so that the Statement can be meaningfully and fairly presented on a combined basis; otherwise, separate Statements and Schedules are required. If the Co-Borrower section was completed about a non-applicant spouse or other person, this Statement and supporting schedules must be completed about that spouse or other person also.

Completed  [ ] Jointly  [X] Not Jointly

| ASSETS Description | Cash or Market Value | | LIABILITIES and Pledged Assets. List the creditor's name, address and account number for all outstanding debts, including automobile loans, revolving charge accounts, real estate loans, alimony, child support, stock pledges, etc. Use continuation sheet, if necessary. Indicate by (*) those liabilities which will be satisfied upon sale of real estate owned or upon refinancing of the subject property | Monthly Payment & Months Left to Pay | Unpaid Balance |
|---|---|---|---|---|---|
| Cash deposit toward purchase held by: | $ 0.00 | | LIABILITIES | | |
| | | | Name and address of company | $ Payment/Months | $ |
| List checking and savings accounts below | | | *** SEE ADDENDUM *** | | |
| Name and address of Bank, S&L, or Credit Union | | | | | |
| Total Current Checking/Savings | | | | | |
| | | | Acct. no. | | |
| Acct. no. | $ 15,000.00 | | Name and address of company | $ Payment/Months | $ |
| Name and address of Bank, S&L, or Credit Union | | | | | |
| | | | Acct. no. | | |
| Acct. no. | | | Name and address of company | $ Payment/Months | $ |
| Name and address of Bank, S&L, or Credit Union | | | | | |
| | | | Acct. no. | | |
| Acct. no. | $ | | Name and address of company | $ Payment/Months | $ |
| Name and address of Bank, S&L, or Credit Union | | | | | |
| | | | Acct. no. | | |
| Acct. no. | $ | | Name and address of company | $ Payment/Months | $ |
| Stocks & Bonds (Company name/number & description) | $ | | | | |
| | | | Acct. no. | | |
| Life Insurance net cash value | 0.00 | | Name and address of company | $ Payment/Months | $ |
| Face amount: $ 0.00 | | | | | |
| Subtotal Liquid Assets | $ 15,000.00 | | | | |
| Real estate owned (enter market value from schedule of real estate owned) | $43,000.00 | | | | |
| Vested interest in retirement fund | $ 0.00 | | Acct. no. | | |
| Net worth of business(es) owned (attach financial statement) | $ 0.00 | | Alimony/Child Support/Separate Maintenance Payments Owed to | $ | |
| Automobiles owned (make and year) | $ | | | | |
| Other Assets (itemize) | $ | | Job Related Expense (child care, union dues, etc.) | $ | |
| | | | Total Monthly Payments | $ 8,419.00 | |
| Total Assets a. | $ 558,000.00 | Net Worth (a minus b) $ -222,802.00 | Total Liabilities b. | $ 780,802.00 | |

Borrower's Initials                                                    Co-Borrower's Initials

Freddie Mac Form 65  07/05
GF466B (2005-USA4)

Page 2 of 4

Fannie Mae Form 1003  07/05
ALL STATES

(Page 3 of 5)

08-15-2007  12:03PM  FROM-Wachovia Oakbrook IL1690  +1 630 928 5794  T-901  P 034/036  F-485

## VI. ASSETS AND LIABILITIES (cont.)

## VII. DETAILS OF TRANSACTION

## VIII. DECLARATIONS

## IX. ACKNOWLEDGEMENT AND AGREEMENT

## X. INFORMATION FOR GOVERNMENT MONITORING PURPOSES

Freddie Mac Form 65  07/05

PLEASE SIGN
AND RETURN

Page 3 of 4

10/19/2007  02:43   17088637213              70ᵉXUXUWTYTXUlANS::              PAGE  01

OMB No. 2502-0265

| A. | |
|---|---|
| **TICOR TITLE INSURANCE COMPANY** CLOSER: EVELYN KALDIS DATE OF PRINTING: 08/21/07 TIME OF PRINTING: 12:43 **SETTLEMENT STATEMENT U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT** | **B. TYPE OF LOAN** 1. ☐ FHA   2. ☐ FmHA   3. ☒ CONV. UNINS. 4. ☐ VA   5. ☐ CONV. INS. **6. File Number:** 632684 **7. Loan Number** 0046859021   000632684-001 EVK  NC **8. Mortgage Insurance Case Number** |

C. NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

**D. NAME OF BORROWER:** LENKA PASTORNIKA, SEE ATTACHED
ADDRESS: 2705 N. 76TH AVE.
ELMWOOD PARK      ILLINOIS      60707

**E. NAME OF SELLER:**
ADDRESS:

**F. NAME OF LENDER:** WORLD SAVINGS
ADDRESS: 4101 WISEMAN BLVD
SAN ANTONIO      TEXAS      BLDG 108      78251

**G. PROPERTY LOCATION:** 2705 N. 76TH AVE.
ELMWOOD PARK      ILLINOIS      60707

**H. SETTLEMENT AGENT:** Ticor Title Insurance Company
ADDRESS: 1511 W. Barry Street
PLACE OF SETTLEMENT: Chicago      ILLINOIS      60657
ADDRESS: 1511 W. Barry Street
Chicago      ILLINOIS      60657

**I. SETTLEMENT DATE:** August 16, 2007
04:00
**DISBURSEMENT DATE:** August 21, 2007

| **J. SUMMARY OF BORROWER'S TRANSACTION** | | **K. SUMMARY OF SELLER'S TRANSACTION** | |
|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BORROWER:** | | **400. GROSS AMOUNT DUE TO SELLER:** | |
| 101. Contract sales price | | 401. Contract sales price | |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement charges to borrower (line 1400) | 8,799.67 | 403. | |
| 104. PAYOFF TO MIDAMERICA BANK | 96,523.27 | 404. | |
| 105. PAYOFF TO WORLD SAVINGS | 385,437.98 | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes      to | | 406. City/town taxes      to | |
| 107. County taxes      to | | 407. County taxes      to | |
| 108. Assessments      to | | 408. Assessments      to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. GROSS AMT DUE FROM BORROWER** | 490,760.92 | **420. GROSS AMT DUE TO SELLER** | |
| **200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER** | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER:** | |
| 201. Deposit or earnest money | | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | 404,250.00 | 502. Settlement charges to seller      (line 1400) | |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first mortgage loan | |
| 205. PROCEEDS FROM 2ND LOAN | 80,650.00 | 505. Payoff of second mortgage loan | |
| 206. BROKER CREDIT | 2,414.40 | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes      to | | 510. City/town taxes      to | |
| 211. County taxes      to | | 511. County taxes      to | |
| 212. Assessments      to | | 512. Assessments      to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. TOTAL PAID BY/FOR BORROWER** | 487,314.40 | **520. TOTAL REDUCTIONS AMT DUE SELLER** | |
| **300. CASH AT SETTLEMENT FROM/TO BORROWER** | | **600. CASH AT SETTLEMENT TO/FROM SELLER** | |
| 301. Gross amt due from borrower      (line 120) | 490,760.92 | 601. Gross amt due to seller      (line 420) | |
| 302. Less amts paid by/for borrower  (line 220) | 487,314.40 | 602. Less reductions in amt due seller (line 520) | 0.00 |
| 303. CASH (☒ FROM) (☐ TO) BORROWER | 3,446.52 | 603. CASH (☐ TO) (☒ FROM) SELLER | 0.00 |

EVK

Blumberg No. 5119   EXHIBIT   B

HUD-1 (3/86) RESPA, HD 4305.2

10/19/2007 02:43   17088637213              78EXUXUWTYTXUïANS::          PAGE 02

F-2857-01 4/80                              Page 2              OMB No. 2502-0265

| ORD#/ABS#   632684 | L. SETTLEMENT CHARGES | TIME OF PRINTING: 12:43 |
| ESC#  000632684   EVK  NC | | DATE OF PRINTING: 08/21/07 |

| | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|
| 700. | TOTAL SALES/BROKER'S COMMISSION based on price $ @ $ | | |
| | Division of Commission (line 700) as follows: | | |
| 701. | LB: $ to | | |
| 702. | SB: $ to | | |
| 703. | Commission paid at Settlement (Money retained by broker applied to commission $ ) | | |
| 704. | Other sales agent charges: | | |
| 705. | Additional commission: $ to | | |
| **800.** | **ITEMS PAYABLE IN CONNECTION WITH LOAN** | | |
| 801. | Loan Origination Fee % | | |
| 802. | Loan Discount % | | |
| 803. | Appraisal Fee to | | |
| 804. | Credit Report to  CBC COMPANIES  3.85 POC | | |
| 805. | Lender's Inspection Fee to | | |
| 806. | Mortgage Insurance Application Fee to | | |
| 807. | Assumption Fee to | | |
| 808. | BROKER FEE PAID BY LENDER TO ACAPULCO REALTY 8085 POC | | |
| 809. | MORTGAGE BROKER FEE TO ACAPULCO REALTY | 990.00 | |
| 810. | APPRAISAL FEE TO WORLD SAVINGS BANK | 100.00 | |
| 811. | DOC PREP FEE TO WORLD SAVINGS | 50.00 | |
| 812 | PROCESSING FEE TO WORLD SAVINGS | 407.00 | |
| **900.** | **ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | |
| 901. | Interest from  08/21/07  to 09/15/07  @$  88.6000 /day for  25  days | 2,215.00 | |
| 902. | Mortgage Insurance Premium for  0.00  months to | | |
| 903. | Hazard Insurance Premium for  0.00  years to | | |
| 904. | | | |
| 905. | | | |
| **1000.** | **RESERVES DEPOSITED WITH LENDER** | | |
| 1001. | Hazard Insurance  4.00  month @$  98.03  per month | 392.12 | |
| 1002. | Mortgage Insurance  0.00  month @$  per month | | |
| 1003. | City property taxes  0.00  month @$  per month | | |
| 1004. | County property taxes  1.00  month @$  287.24  per month | 287.24 | |
| 1005. | Annual assessments  0.00  month @$  per month | | |
| 1006. | 0.00 month @$  per month | | |
| 1007. | 0.00 month @$  per month | | |
| 1008. | Aggregate Accounting Adjustment | ( 294.19) | 0.00 |
| **1100.** | **TITLE CHARGES** | | |
| 1101. | Settlement or Closing Fee  to TICOR TITLE INSURANCE COMPANY | 150.00 | |
| 1102. | Abstract or title search  to | | |
| 1103. | Title examination  to TICOR TITLE INSURANCE COMPANY | 75.00 | |
| 1104. | Title insurance binder  to | | |
| 1105. | Document preparation  to | | |
| 1106. | Notary fees  to | | |
| 1107. | Attorney's fee  to | | |
| 1108. | Title insurance  to TICOR TITLE INSURANCE COMPANY | 550.00 | |
| | (includes above items numbers): | | |
| 1109. | Lender's coverage  $404,250.00  $  770.00 | | |
| 1110. | Owner's coverage  $0.00  $ | | |
| 1111. | OVERNIGHT AND HANDELING FEE TO TICOR TITLE INSURANCE COMPANY | 50.00 | |
| 1112. | EMAIL FEE TO TICOR TITLE INSURANCE COMPANY | 30.00 | |
| 1113. | T.I. FEE TO TICOR TITLE INSURANCE COMPANY | 125.00 | |
| **1200.** | **GOVERNMENT RECORDING AND TRANSFER CHARGES** | | |
| 1201. | Recording fees: Deed $  38.50 ; Mortgage  $  66.50 ; Release  $ | 105.00 | |
| 1202. | City/county tax/stamps:  Deed  $  ; Mortgage  $ | | |
| 1203. | State tax/stamps:  Deed  $  ; Mortgage  $ | | |
| 1204. | | | |
| 1205. | ILLINOIS REGISTRATION FEE TO TICOR TITLE INSURANCE COMPANY | 3.00 | |
| **1300.** | **ADDITIONAL SETTLEMENT CHARGES** | | |
| 1301. | Survey  to | | |
| 1302. | Pest inspection  to | | |
| 1303. | DUPLICATE TAX BILL FEE TO TICOR TITLE INSURANCE COMPANY | 35.00 | |
| 1304. | 2006 2ND INSTALLMENT TAXES TI TO TICOR TITLE INSURANCE COMPA | 3,446.00 | |
| 1305. | TAX SERVICE FEE TO 1ST AMERICAN REAL ESTATE TAX SERVICE | 30.50 | |
| 1306. | FUNDING FEE TO WORLD SAVINGS | 50.00 | |
| 1307. | FLOOD CERT FEE TO 1ST AMERICAN FLOOD DATA SERVICE | 3.00 | |
| **1400.** | **TOTAL SETTLEMENT CHARGES**  (enter on lines 103, Section J and 502, Section K) | 8,799.67 | |

EVK

HUD-1 (3/86) RESPA, HB 4305.2

OMB No. 2502-0265

Page 3

| 632684 | MLP | | TIME OF PRINTING: 14:17 |
| J00632684 | EVK NC | SUPPLEMENTAL PAGE | DATE OF PRINTING: 08/16/07 |

| D. | BORROWER: | LENKA PASTORNIKA | | | |
| | ADDRESS: | 2705 N. 76TH AVE. | | | |
| | | ELMWOOD PARK | ILLINOIS | | 60707 |
| | NAME OF BORROWER: | | | | |

| E. NAME OF SELLER: | | | | |

| F. | NAME OF LENDER: | WORLD SAVINGS | | BLDG 108 |
| | ADDRESS: | 4101 WISEMAN BLVD | | 78251 |
| | | SAN ANTONIO | TEXAS | |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

_Pastoru Q_

LENKA PASTORNIKA

To the best of my knowledge, the HUD-1 Settlement Statement which I have prepared is a true and accurate account of the funds which were received and have been or will be disbursed by the undersigned as part of the settlement of this transaction.

Settlement Agent _____ Date 8/16/07

WARNING: It is a crime to knowingly make false statements to the United States on this or any similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

EVK

HUD-1 (3/86) RESPA, HB 4305.2

A.

OMB No. 2502-0265     Page 1

| TICOR TITLE INSURANCE COMPANY | B. TYPE OF LOAN |
|---|---|

**TICOR TITLE INSURANCE COMPANY**
CLOSER: Hynissah Williams
DATE OF PRINTING: 08/16/07
TIME OF PRINTING: 12:10

| B. TYPE OF LOAN | | |
|---|---|---|
| 1. ☐ FHA | 2. ☐ FmHA | 3. ☒ CONV. UNINS. |
| 4. ☐ VA | 5. ☐ CONV. INS. | |
| 6. File Number: | 632684A | |
| | 632684A-001   HW   CH | |
| 7. Loan Number: 0046859039 | | |
| 8. Mortgage Insurance Case Number | | |

SETTLEMENT STATEMENT
U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

C. NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

D. NAME OF BORROWER: LENKA PASTORNIKA, SEE ATTACHED
    ADDRESS: 2705 N. 76TH AVE
           ELMWOOD PARK      ILLINOIS      60707

E. NAME OF SELLER:
    ADDRESS:

F. NAME OF LENDER: WORLD SAVINGS
    ADDRESS: 4101 WISEMAN BLVD. BLDG. 108
           SAN ANTONIO      TEXAS      78251

G. PROPERTY LOCATION: 2705 N. 76TH AVE
           ELMWOOD PARK      ILLINOIS      60707

| H. SETTLEMENT AGENT: Ticor Title Insurance Company | I. SETTLEMENT DATE: August 16, 2007 |
|---|---|
| ADDRESS: 203 N. LaSalle, Suite 2200 Chicago ILLINOIS 60601 | |
| PLACE OF SETTLEMENT: 203 N. LaSalle, Suite 2200 Chicago ILLINOIS 60601 | DISBURSEMENT DATE: August 21, 2007 |

| J. SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| 100. GROSS AMOUNT DUE FROM BORROWER: | | 400. GROSS AMOUNT DUE TO SELLER: | |
| 101. Contract sales price | | 401. Contract sales price | |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement charges to borrower (line 1400) | 80,850.00 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes to | | 406. City/town taxes to | |
| 107. County taxes to | | 407. County taxes to | |
| 108. Assessments to | | 408. Assessments to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 120. GROSS AMT DUE FROM BORROWER | 80,850.00 | 420. GROSS AMT DUE TO SELLER | |
| 200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER: | | 500. REDUCTIONS IN AMOUNT DUE TO SELLER: | |
| 201. Deposit or earnest money | | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | 80,850.00 | 502. Settlement charges to seller (line 1400) | |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first mortgage loan | |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes to | | 510. City/town taxes to | |
| 211. County taxes to | | 511. County taxes to | |
| 212. Assessments to | | 512. Assessments to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. TOTAL PAID BY/FOR BORROWER | 80,850.00 | 520. TOTAL REDUCTIONS AMT DUE SELLER | |
| 300. CASH AT SETTLEMENT FROM/TO BORROWER | | 600. CASH AT SETTLEMENT TO/FROM SELLER | |
| 301. Gross amt due from borrower (line 120) | 80,850.00 | 601. Gross amt due to seller (line 420) | |
| 302. Less amts paid by/for borrower (line 220) | (80,850.00) | 602. Less reductions in amt due seller (line 520) | ( 0.00) |
| 303. CASH (☐ FROM) (☒ TO) BORROWER | 0.00 | 603. CASH (☐ TO) (☒ FROM) SELLER | ( 0.00 ) |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

Borrower _____      Seller _____

LENKA PASTORNIKA

To the best of my knowledge, the HUD-1 Settlement Statement which I have prepared is a true and accurate account of the funds which were received and have been or will be disbursed by the undersigned as part of the settlement of this transaction.

Settlement Agent _____      8/16/16

WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

HW      HUD      RESPA, HB 4305.2

**EXHIBIT**

*C*

Blumberg No. 5118

F-C357-01 4/80

Page 2

OMB No. 2502-0265

| ORD#/ABS# 632684A<br>ESC# 632684A    HW   CH | L  SETTLEMENT CHARGES | TIME OF PRINTING: 12:10<br>DATE OF PRINTING: 08/16/07 |
|---|---|---|

| | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|
| 700. | TOTAL SALES/BROKER'S COMMISSION based on price $ @ % | | |
| | Division of Commission (line 700) as follows: | | |
| 701. | L%              $              to | | |
| 702. | SR%             $              to | | |
| 703. | Commission paid at Settlement | | |
| | (Money retained by broker applied to commission $           ) | | |
| 704. | Other sales agent charges: | | |
| 705. | Additional commission:          $ | | |
| **800.** | **ITEMS PAYABLE IN CONNECTION WITH LOAN** | | |
| 801. | Loan Origination Fee  0.247  % L% | | |
| 802. | Loan Discount                   % | 200.00 | |
| 803. | Appraisal Fee to | | |
| 804. | Credit Report to | | |
| 805. | Lender's Inspection Fee to | | |
| 806. | Mortgage Insurance Application Fee to | | |
| 807. | Assumption Fee to | | |
| 808. | | | |
| 809. | | | |
| 810. | | | |
| 811. | | | |
| 812. | | | |
| **900.** | **ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | |
| 901. | Interest from       to       @$         /day for   0 days | | |
| 902. | Mortgage Insurance Premium for       1.00      months to | | |
| 903. | Hazard Insurance Premium for         3.00      years to | | |
| 904. | | | |
| 905. | | | |
| **1000.** | **RESERVES DEPOSITED WITH LENDER** | | |
| 1001. | Hazard insurance        0.00   month @$          per month | | |
| 1002. | Mortgage insurance      0.00   month @$          per month | | |
| 1003. | City property taxes     0.00   month @$          per month | | |
| 1004. | County property taxes   0.00   month @$          per month | | |
| 1005. | Annual assessments      0.00   month @$          per month | | |
| 1006. |                         0.00   month @$          per month | | |
| 1007. |                         0.00   month @$          per month | | |
| 1008. | Aggregate Accounting Adjustment | | |
| **1100.** | **TITLE CHARGES** | 0.00 | 0.00 |
| 1101. | Settlement or Closing Fee    to TICOR TITLE 150.00POCL | | |
| 1102. | Abstract or title search     to | | |
| 1103. | Title examination            to | | |
| 1104. | Title insurance binder       to TICOR TITLE 220.00POCL | | |
| 1105. | Document preparation         to | | |
| 1106. | Notary fees                  to | | |
| 1107. | Attorney's fee               to | | |
| 1108. | Title insurance             to | | |
| | (includes above items numbers:             ) | | |
| 1109. | Lender's coverage  $0.00            $ | | |
| 1110. | Owner's coverage   $0.00            $ | | |
| 1111. | EMAIL FEE TO TICOR TITLE 30 POCL | | |
| 1112. | | | |
| 1113. | | | |
| **1200.** | **GOVERNMENT RECORDING AND TRANSFER CHARGES** | | |
| 1201. | Recording fees: Deed $         ; Mortgage  $  66.50 ; Release  $ | | |
| 1202. | City/county tax/stamps: .   Deed  $         ; Mortgage  $ | | |
| 1203. | State tax/stamps:           Deed  $         ; Mortgage  $ | | |
| 1204. | RECORDING FEE FOR MORTGAGE TO TICOR TITLE 66.50 POCL | | |
| 1205. | | | |
| **1300.** | **ADDITIONAL SETTLEMENT CHARGES** | | |
| 1301. | Survey       to | | |
| 1302. | Pest inspection   to | | |
| 1303. | | | |
| 1304. | | | |
| 1305. | PROCEEDS FROM 2ND LOAN | 80,650.00 | |
| 1306. | | | |
| 1307. | | | |
| **1400.** | **TOTAL SETTLEMENT CHARGES**  (enter on lines 103, Section J and 502, Section K) | 80,850.00 | |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

Borrower  _LENKA PASTORNIKA_                          Seller

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause funds to be disbursed in accordance with this statement.

Settlement Agent                                      Date  8/16/07

WARNING: It is a crime to knowingly make false statement to the United  States on this or any other similar form. Penalties upon conviction can  include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

HW

HUD-1 (3/86) RESPA, HB 4305.2

Fax Server          10/10/2007 3:16:01 PM    PAGE    2/007   Fax Server

(Page 1 of 6)

WORLD SAVINGS BANK, FSB

# ADJUSTABLE RATE MORTGAGE NOTE

## 3 YEAR FIXED RATE PICK-A-PAYMENT ᴱᴿ LOAN

### WACHOVIA AVERAGE DEPOSIT ACCOUNT RATE (COST OF SAVINGS) INDEX

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE, MY MONTHLY PAYMENT
AND MY UNPAID PRINCIPAL BALANCE. MY MONTHLY PAYMENT INCREASES, MY INTEREST RATE INCREASES
AND MY PRINCIPAL BALANCE INCREASES ARE LIMITED. THIS NOTE IS SECURED BY A SECURITY INSTRUMENT
OF THE SAME DATE.

LOAN NUMBER 0046559021                      DATE August 15, 2007

BORROWER(S)  LENKA PASTORNICKA, AN UNMARRIED WOMAN   sometimes called "Borrower" and
sometimes simply called "I" or "me "

PROPERTY ADDRESS  2705 N 76TH AVE, ELMWOOD PARK, IL  60707-1402

**1.  BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S.  $404,250.00 , called "Principal," plus interest, and any other
charges incurred during the course of the loan, to the order of the Lender  The Lender is WORLD SAVINGS BANK, FSB,
A FEDERAL SAVINGS BANK, ITS SUCCESSORS AND/OR ASSIGNEES, or anyone to whom this Note is transferred

**2.  INTEREST RATE MODIFICATION PERIOD**

This Note contains a "Modification Period"  The Modification Period begins at the same time the obligations evidenced by this
Note begin and it continues until September 15, 2010

During the Modification Period, I will pay interest at the fixed yearly rate of 8.000% After the Modification Period, I will pay
interest as described in Section 3 of this Note

**3.  INTEREST**

(A)  Interest Rate
Interest will be charged on unpaid Principal until the full amount of the Principal has been paid  I will pay interest at the yearly
rate of the Margin stated in Section 3(E) below plus the then current Index  The interest rate I will pay may change as described in
this Section 3  Interest will be charged on the basis of a twelve month year and a thirty day month

The interest rate required by this Section 3 is the rate I will pay both before and after any default described in Section 8(B) of
this Note

SD050A (2007-04-2)      ADJUSTABLE PICK-A-PAYMENT NOTE - 3 YEAR FIXED      IL      LENDER'S USE ONLY

LoanNumber: 0046559021 DocID: 1074584368


EXHIBIT
D
Blumberg No. 5119

0046859021

**(B)    Interest Change Dates**

The interest rate I will pay may change on the **15th** day of **September, 2010** and on the same day every month thereafter. Each date on which my interest rate could change is called an "Interest Change Date." The new rate of interest will become effective on each Interest Change Date

**(C)    Interest Rate Limit**

My interest maximum interest rate limit is **11.950%**, called "Lifetime Rate Cap."

**(D)    Index**

Beginning with the first Interest Change Date, my interest rate will be based on an Index. The Index is the "Cost of Savings Index" as published by Wachovia Corporation. The Cost of Savings Index is the weighted average of the interest rates in effect as of the first business day of each calendar month on the U.S. dollar denominated personal time deposits (as defined by the Board of Governors of the Federal Reserve System for purposes of reporting deposits on FR 2900 by commercial banks) held by the U.S. branches and non-U.S. branches located on U.S. military facilities of the depository institution subsidiaries of Wachovia Corporation that hold federally insured deposits

For this purpose, a business day is any calendar day other than Saturday, Sunday, or any legal holiday for national banks

The Index will be published monthly by Wachovia Corporation, on or before the fifteenth day of each month, and made readily available. The most recent Index figure available on each Interest Change Date is called the "Current Index"

If an Index is substituted pursuant to Section 3(F) of this Note, the alternate index will become the Index

**(E)    Calculation of Interest Rate Changes**

Lender will calculate my new interest rate by adding **3.000** percentage points, called the "Margin," to the Current Index, subject to the limit stated in Section 3(C) above, the result of this calculation will be my new interest rate until the next Interest Change Date

If Lender fails to utilize the entire interest rate increase to which it is entitled under this Note on any Interest Change Date by failing to add all or part of the allowable Margin to the Current Index, then Lender may add any such allowable Margin to the Current Index on any future Interest Change Date. Lender may not, at a later date, "carryover" or add interest to which it is not entitled under this Note on any Interest Change Date

**(F)    Alternate Index**

The Lender may choose an alternate index if the Index is no longer available. For purposes of this Section 3(F), the Cost of Savings Index or an alternate index is no longer available if

(1)    The Lender, in its sole discretion, determines that (a) the Board of Governors of the Federal Reserve System has made a material change in the definition of personal time deposits or time deposits for purposes of reporting deposits on FR 2900 or a compatible successor report, or (b) the Index is otherwise calculated in a substantially different manner or based on substantially different information than at the time the Index became applicable to the Note, or

(2)    Applicable laws or regulations prevent the Lender from using this Index to calculate interest under this Note

The selection of an alternate index shall be at Lender's sole discretion. The alternate index may be a national or regional index or another type of index accepted or approved by the Lender's primary regulator. The Lender will give me notice of the alternate index

**4.    PAYMENTS**

**(A)    Time and Place of Payments**

I will pay Principal and interest by making payments every month.

I will make my monthly payments on the **15th** day of each month beginning on **October 15, 2007**. I will make these payments every month until I have paid (i) all the Principal and interest, and (ii) any other charges described below that I may owe under this Note, and (iii) any charges that may be due under the Security Instrument. If, on **September 15, 2037**, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **1901 HARRISON STREET, OAKLAND, CALIFORNIA 94612** or at a different place if required by notice from the Lender

**(B)    Amount of My Initial Monthly Payments**

Each of my initial monthly payments will be in the amount of U.S.$ **2,108.00**. This amount will change as described in Sections 4(C) and 4(D) below. My initial monthly payment amount was selected by me from a range of initial payment amounts approved by Lender and may not be sufficient to pay the entire amount of interest accruing on the unpaid Principal balance

**(C)    Payment Change Dates**

My monthly payment will change as required by Section 4(D) below beginning on the **16th** day of **October, 2008** and on that day every **12th** month thereafter. Each of these dates is called a "Payment Change Date." My monthly payment will also change at any time Section 4(F) or 4(G) below requires me to pay a different amount

8C2300B (2007-04-2)
C008                              ADJUSTABLE PICK-a-PAYMENT NOTE - 3 YEAR FIXED
                                  Page 2                                          IL

Fax Server            10/10/2007 3:16:01 PM    PAGE    4/007    Fax Server

(Page 3 of 6)

0046859021

I will pay the amount of my new monthly payment each month beginning on each Payment Change Date and as provided in Section 4(F) or 4(G) below

(D)  Calculation of Payment Changes

Subject to Sections 4(F) and 4(G), on the Payment Change Date my monthly payment may be changed to an amount sufficient to pay the unpaid principal balance, including any deferred interest as described in Section 4(E) below, together with interest at the interest rate in effect on the day of calculation by the Maturity Date. However, the amount by which my payment can be increased will not be more than 7-1/2% of the then existing Principal and interest payment. This 7-1/2% limitation is called the "Payment Cap." The Lender will perform this Payment Change calculation at least 90 but not more than 90 days before the Payment Change Date.

(E)  Deferred Interest; Additions to My Unpaid Principal

From time to time, my monthly payments may be insufficient to pay the total amount of monthly interest that is due. If this occurs, the amount of interest that is not paid each month, called "Deferred Interest," will be added to my Principal and will accrue interest at the same rate as the Principal

(F)  Limit on My Unpaid Principal; Increased Monthly Payment

My unpaid principal balance can never exceed **125%** of the Principal I originally borrowed, called "Principal Balance Cap." If, as a result of the addition of deferred interest to my unpaid principal balance, the Principal Balance Cap limitation would be exceeded on the date that my monthly payment is due, I will instead pay a new monthly payment. Notwithstanding Sections 4(C) and 4(D) above, I will pay a new monthly payment which is equal to an amount that will be sufficient to repay my then unpaid principal balance in full on the Maturity Date at the interest rate then in effect, in substances by equal payments.

(G)  Payment Cap Limitation; Exceptions

Beginning with the **10th** Payment Change Date and every 6th Payment Change Date thereafter, my monthly payment will be calculated as described in Section 4(D) above except that the Payment Cap limitation will not apply. Additionally, the Payment Cap limitation will not apply on the final Payment Change Date.

(H)  Notice of Payment Changes

The Lender will deliver or mail to me a notice of any changes in the amount of my monthly payment, called "Payment Change Notice," before each Payment Change Date. The Payment Change Notice will include information required by law

**5.  FAILURE TO MAKE ADJUSTMENTS**

If for any reason Lender fails to make an adjustment to the interest rate or payment amount as described in this Note, regardless of any notice requirement, I agree that Lender may, upon discovery of such failure, then make the adjustments as if they had been made on time. I also agree not to hold Lender responsible for any damages to me which may result from Lender's failure to make the adjustment and to let the Lender, at its option, apply any excess monies which I may have paid to partial prepayment of unpaid Principal

**6.  BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal before it is due is called a "Prepayment". When I make a Prepayment, I will tell the Lender in writing that I am doing so. The Lender may require that any partial Prepayments be made on the date my regularly scheduled payments are due. If I make a partial Prepayment, there will be no changes in the due dates or amount of my regularly scheduled payments unless the Lender agrees to those changes in writing. I may pay deferred interest on this Note at any time without charge and such payment will not be considered a "Prepayment" of Principal. During the first 3 years of the loan term if I make one or more Prepayments that, in the aggregate, exceed $5,000 in any calendar month, I must pay a prepayment charge equal to 2% of the amount such Prepayments exceed $5,000 in that calendar month. After the first 3 years of the loan term, I may make a full or partial Prepayment without paying any prepayment charge.

*Y.*

LoanNumber: 0046859021 DocID: 1074584368

0046859021

**7. MAXIMUM LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit, and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Lender may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**8. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A)  Late Charges for Overdue Payments**

If the Lender has not received the full amount of any monthly payment by the end of 18 calendar days after the date it is due, I will pay a late charge to the Lender. The amount of the charge will be 5.00% of my overdue payment of Principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B)  Default**

I will be in default if (i) I do not pay the full amount of each monthly payment on the date it is due, or (ii) I fail to perform any of my promises or agreements under this Note or the Security Instrument, or (iii) any statement made in my application for this loan was materially false or misleading or if any statement in my application for this loan was materially false or misleading by reason of my omission of certain facts, or (iv) I have made any other statement to Lender in connection with this loan that is materially false or misleading.

**(C)  Notice of Default**

If I am in default, the Lender may send me a written notice, called "Notice of Default", telling me that if I do not pay the overdue amount by a certain date, the Lender may require me to pay immediately the amount of Principal which has not been paid and all the interest that I owe on that amount, plus any other amounts due under the Security Instrument.

**(D)  No Waiver by Lender**

Even if, at a time when I am in default, the Lender does not require me to pay immediately in full as described above, the Lender will still have the right to do so if I am in default at a later time.

**(E)  Payment of Lender's Costs and Expenses**

The Lender will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. These expenses may include, for example, reasonable attorneys' fees and court costs.

**9.    GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me or any Borrower at 3706 N 76TH AVE, ELMWOOD PARK, IL  60707-1402, or at a single alternative address if I give the Lender notice of my alternative address. I may give notice to Lender of a change in my address in writing or by calling Lender's customer service telephone number provided on my billing statement. I may designate only one mailing address at a time for notification purposes.

Except as permitted above, for changes of address, any notice that must be given to the Lender under this Note will be given by mailing it by first class mail to the Lender at the address stated in Section 4(A) above or at a different address if I am given a notice of that different address.

**10.  OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who takes over these obligations is also obligated to keep all of the promises made in this Note. The Lender may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**11.  WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment, notice of dishonor, notice of acceleration, and protest. "Presentment" means the right to require the Lender to demand payment of amounts due. "Notice of Dishonor" means the right to require the Lender to give notice to other persons that amounts due have not been paid.

**12.  SECURED NOTE - ACCELERATION**

In addition to the protections given to the Lender under this Note, the Security Instrument dated the same date as this Note gives the Lender security against which it may proceed if I do not keep the promises which I made in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note and includes the following Paragraph 25:

**AGREEMENTS ABOUT LENDER'S RIGHTS IF THE PROPERTY IS SOLD OR TRANSFERRED**

Acceleration of Payment of Sums Secured. Lender may, at its option, require immediate payment in full of all Sums Secured by this Security Instrument if all or any part of the Property, or if any right in the Property, is sold or transferred without Lender's prior written permission. Lender also may, at its option, require immediate payment in full if Borrower is not a natural Person and a beneficial interest in Borrower is sold or transferred without Lender's prior written permission. However, Lender shall not require immediate payment in full if this is prohibited by Federal Law in effect on the date of this Security Instrument.

6D260D D007-04-D                    ADJUSTABLE PICK-A-PAYMENT NOTE - 3 YEAR FIXED                    IL
                                    Page 4

0046859021

If Lender exercises the option to require immediate payment in full, Lender will give me notice of acceleration. If I fail to pay all Sums Secured by this Security Instrument immediately, Lender may then or thereafter invoke any remedies permitted by the Security Instrument without further notice to or demand on me.

**Exception to Acceleration of Payment of Sums Secured.** If the sale or transfer of all or any part of the Property, or of a beneficial interest in Borrower, if Borrower is not a natural Person, is the first one to occur after the date of this Security Instrument, Lender will not exercise the option to accelerate payment in full of all Sums Secured and the loan may be assumed if:

(i)    Lender receives a completed written application from transferee to evaluate the creditworthiness of transferee as if a new loan were being made to the transferee by Lender,

(ii)    Lender approves the creditworthiness of the transferee in writing,

(iii)    transferee makes a cash downpayment sufficient to meet Lender's then current underwriting standards,

(iv)    an assumption fee, in an amount to be determined by Lender (but not to exceed 1% of the balance of Principal and interest due under the Secured Notes at the time of sale or transfer of the Property or of the interest in the Borrower) is paid to Lender, and

(v)    the transferee executes an assumption agreement which is satisfactory to Lender.

The loan may be assumed under its then existing terms and conditions with one exception, the Lifetime Rate Cap may be changed. The Lifetime Rate Cap shall be changed to an interest rate which is the sum of the interest rate in effect on the date of a sale or transfer of the Property or beneficial interest in Borrower plus 5 percentage points, if that sum exceeds the Lifetime Rate Cap stated in the Secured Notes.

**13. GOVERNING LAW; SEVERABILITY**

This Note shall be governed by and construed under federal law and federal rules and regulations including those for federally chartered savings institutions, called "Federal Law." In the event that any of the terms or provisions of this Note are interpreted or construed by a court of competent jurisdiction to be void, invalid or unenforceable, such decision shall affect only those provisions so construed or interpreted and shall not affect the remaining provisions of this Note.

**14. CLERICAL ERRORS**

In the event the Lender at any time discovers that this Note or the Security Instrument or any other document related to this loan, called collectively the "Loan Documents," contains an error which was caused by a clerical mistake, calculation error, computer error, printing error or similar error, I agree, upon notice from the Lender, to reexecute any Loan Documents that are necessary to correct any such error(s) and I also agree that I will not hold the Lender responsible for any damage to me which may result from any such error.

**15. LOST, STOLEN OR MUTILATED DOCUMENTS**

If any of the Loan Documents are lost, stolen, mutilated or destroyed and the Lender delivers to me an indemnification in my favor, signed by the Lender, then I will sign and deliver to the Lender a Loan Document identical in form and content which will have the effect of the original for all purposes.

**THIS SPACE INTENTIONALLY LEFT BLANK; SIGNATURE PAGE FOLLOWS**

SD200E (2007-04-2)                ADJUSTABLE PICK-A-PAYMENT NOTE -3 YEAR FIXED                IL
                                          Page 5

Fax Server                10/10/2007 3:16:01 PM     PAGE     7/007     Fax Server

(Page 6 of 6)

—

SIGNATURE PAGE                    0046859021

NOTICE TO BORROWER(S):

BY SIGNING THIS NOTE YOU AGREE TO PAY A PREPAYMENT CHARGE IN CERTAIN CIRCUMSTANCES. PLEASE CAREFULLY READ THIS ENTIRE NOTE (INCLUDING THE PREPAYMENT PROVISION) BEFORE YOU SIGN IT.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

(PLEASE SIGN YOUR NAME EXACTLY AS IT APPEARS BELOW)

BORROWER(S):

_____     (Seal)
LENKA PASTORNICKA

6I2250 (2004-03-1)     [MY14 (2004-03-01)]     Page 6 of 6                    IL

## The Law Office of Roger H. Lee

111 West Washington Street, Suite 1225
Chicago, Illinois 60602
*312-236-7888*
*fax: 312-236-0798*

November 21, 2007

**BY CERTIFIED MAIL**

**World Savings Bank, FSB**
**4101 Wiseman Blvd., Bldg. 108**
**San Antonio, TX 78251**

Re:     Notice of Rescission & Claim of Lien

**Lenka Pastornicka**
**2705 N. 76th Ave.**
**Elmwood Park, Illinois 60707**

Loan Date: August 16, 2007

Dear Sir or Madam:

The above named client hereby gives you notice that [he/she] rescinds the above loan for noncompliance with the Truth in Lending Act.

Please be further advised that we have been retained by the above client to file suit against you and that we claim a lien upon said recovery for 1/3 or such amount as a court awards.

If you claim that the owner of the loan is other than the company named above, please identify the owner pursuant to 15 U.S.C. § 1671(d).

Finally, please provide an account history so that I may compute the appropriate amount to be tendered.

Sincerely,

Roger H. Lee

cc: **Lenka Pastornicka**

I, Roger H. Lee, under penalty of perjury certify that a copy of this letter was sent to the company at the address above on November 21, 2007.

Roger H. Lee

EXHIBIT
E

# The Law Office of Roger H. Lee

111 West Washington Street, Suite 1225
Chicago, Illinois 60602
*312-236-7888 x 104*
*fax: 312-236-0798*

Monday, December 31, 2007

## VIA FACSIMILE

Ms. Annie Marquard
Ticor Title Insurance Co.
203 N La Salle St.
Chicago, IL 60601
Local Phone: 312-621-5000
Fax: 312-621-5062

**RE: Lenka Pastornika  2705 N. 76th Ave.  Elmwood Park, Illinois 60707
Ticor File# 632684  EVK and 632684A**

Dear Ms. Marquard,

   As you are aware, per our conversation on Friday, I represent Ms. Lenka Patornika regarding the above mentioned matter. To recap, my client has come to me and disputes the validity of the signatures on the loan application, the second mortgage, and never agreed with a pre-payment penalty, and has stated to me that she never signed the closing documents for the second loan or agreed to pay any pre-payment penalty. As such, we are asking that Ticor intervene on her behalf as she does not have the resources to make such high payments, and is in danger of not being able to refinance should she miss a payment. I have sent a rescission letter via certified mail to the lender, World Savings Bank, FSB on November 21st, 2007 and they have failed to respond.

   I would appreciate it if you could identify any signed documentation supposedly submitted by my client. I am faxing over a cover sheet with her actual signature for your reference as well as the H.U.Ds, and the Ajustable Rate Mortgage Note. I ask that you please forward this to your legal department promptly to deal with this total failure in title. Please contact me at your earliest convenience at (312)236.7888 x 104.

Sincerely,

Roger Lee

Roger Lee

EXHIBIT
F

## The Law Offices of Roger H. Lee

111 West Washington Street, Suite 1225
Chicago, Illinois 60602
*312-236-7888 x 104*
*fax: 312-236-0798*

January 14, 2008

**BY CERTIFIED MAILING AND FAX**

Wachovia Corporation
301 South College Street, Suite 4000
One Wachovia Center
Charlotte, North Carolina 28288-0013
Phone-(704) 374-6161  Fax-(704) 427-9599

     **Re:**   **Notice of Rescission & Claim of Lien**
             **Loan# 46859021**
             **Lenka Pastornicka**
             **2705 N. 76th Ave.**
             **Elmwood Park, Illinois 60707**

             Loan Date: August 16, 2007

Dear Sir or Madam:

     The above named client hereby gives you notice that she rescinds the above loan for noncompliance with the Truth in Lending Act. Please be further advised that we have been retained by the above client to file suit against you and that we claim a lien upon said recovery for 1/3 or such amount as a court awards. If you claim that the owner of the loan is other than the company named above, please identify the owner pursuant to 15 U.S.C. § 1671(d). Finally, please provide an account history so that I may compute the appropriate amount to be tendered.

     Please contact me at (312)236-7888 x 104 to discuss this matter and so that we may resolve this matter expediently.

                    Sincerely,

                    Roger H. Lee

**EXHIBIT**

G

# The Law Offices of Roger H. Lee

111 West Washington Street, Suite 1201
Chicago, Illinois 60602
*312-606-9528*
*fax: 312-803-2229*

Friday, April 24, 2008

VIA FACSIMILE & FED-EX

Attn: Ms.Kari Kuehl
Wachovia Corporation
301 South College Street, 30th Floor
One Wachovia Center
Charlotte, North Carolina 28288-0013
P:704-715-6611
f:704-715-3718

**In Re: Your file:**    **Lenka Pastornicka**
**Acct. No:**    **46859021**

Dear Ms. Kari Kuehl,

I have not received any written responses to any of my correspondences with Wachovia regarding these mortgages. As such, my client has had to endure much hardship and numerous collection calls attempting to collect on the two mortgages, which we have repeatedly asked to be rescinded. Since it is apparent that Wachovia has no intentions of rescinding these mortgages, please be advised that I do intend to file suit and ask for attorney fees, court costs and fees, and sanctions as allowed under Illinois law.

Please advise us of whether or not you will accept service and at what location. I will continue to advise my client to make her regular mortgage payments in amounts *prior* to the effective date of this current loan until this matter is resolved.

Sincerely,

Roger H. Lee



EXHIBIT
H