UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LENKA PASTORNICKA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No.: 08 c 4480 |
| TICOR TITLE INSURANCE CO., WACHOVIA FINANCIAL SERVICES INC., STEVEN WEAVER individually and d/b/a ACAPULCO HOME LOANS and ACAPULCO HOME LOANS, | ) ) ) ) ) ) ) | Honorable Charles R. Norgle |
| Defendants. | ) | |

## MOTION TO DISMISS

### I.     INTRODUCTION AND SUMMARY OF ARGUMENT

In a quintessential example of a "shotgun pleading," Plaintiff Lenka Pastornicka ("Plaintiff") vaguely alleges "Defendants" committed a variety of skullduggery in connection with two home loans she obtained over one year ago.  Plaintiff, however, fails to identify any facts that could be construed as giving rise to a claim for relief against Wachovia Mortgage, FSB ("Wachovia")[1] and, therefore, her Complaint should be dismissed.  Specifically, Plaintiff's Complaint suffers from the following deficiencies:

*First*, Plaintiff lacks standing to bring her Real Estate Settlement Procedures Act ("RESPA") claim because she does not and cannot allege she suffered any damages as a result of

---

[1] Wachovia is formerly known as World Savings Bank, FSB and erroneously sued as Wachovia Financial Services, Inc.

Wachovia's alleged failure to respond to her "qualified request" or to notify her that the servicing of her loan was being transferred.

   **Second**, Plaintiff's common law fraud and Illinois Consumer Fraud Act claims fail because: 1) Plaintiff fails to plead fraud with the requisite specificity; 2) Plaintiff fails to allege Wachovia misrepresented or concealed any material facts; 3) Plaintiff fails to allege any facts supporting her boilerplate allegation that her mortgage broker was Wachovia's agent; and 4) federal law precludes Plaintiff from attacking the adequacy of Wachovia's advertisements or loan related disclosures.

   **Third**, Plaintiff's Truth in Lending Act ("TILA") claim fails to indicate, *inter alia*, 1) whether Wachovia completely failed to provide the requisite disclosures or the disclosures Wachovia provided were misleading/inadequate, and 2) whether Wachovia allegedly failed to provide required information and documents for both loans or just Plaintiff's equity line of credit.  In the absence of allegations regarding these basic facts, Wachovia cannot reasonably be expected to respond to Plaintiff's TILA claim.

   **Fourth**, *every* one of Plaintiff's claims for relief purports to state a claim against all "Defendants," while failing to describe how all (or any) defendants could be responsible for alleged misconduct.  Further, Plaintiff incorporates every preceding paragraph into each claim for relief.  As such, Plaintiff's Complaint constitutes a shotgun pleading to which Wachovia cannot reasonably be expected to respond.  Thus, Wachovia is entitled to a more definite statement of all of Plaintiff's claims.

   The flaws in Plaintiff's Complaint have serious consequences.  Certain defendants have written and/or implied indemnity obligations to one another.  As a practical matter, the deficiencies in Plaintiff's Complaint hinder not only defendants' ability to respond to Plaintiff's

DOCSOAK-9916530.1

allegations, but also their ability to effectively determine their rights and obligations amongst one another.  Thus, the Court should dismiss Plaintiff's RESPA, accounting and fraud claims against Wachovia and require Plaintiff to amend her remaining claims for relief.

## II.    FACTUAL ALLEGATIONS

In June 2007, Plaintiff received an advertisement for home loan refinancing services from Horizon Mortgage Company.  Cmplt, ¶ 7.  Shortly thereafter, Plaintiff called the number listed on the advertisement and spoke to defendant Steven Weaver ("Weaver") about the possibility of refinancing her home loan.  Id. at ¶ 8.  During the relevant time period, Weaver began operating a new mortgage company, working as a mortgage broker at, and doing business as, Acapulco Home Loans.  Id. ¶¶ 5, 11.  Plaintiff alleges that Weaver made numerous representations to her regarding the terms under which he could obtain a new loan for her.  Id. at ¶¶ 10, 13-14.  Relying on Weaver's representations regarding the type of loan terms he would locate for her, Plaintiff alleges that she "agreed to refinance her mortgage with Defendants."  Id. at ¶ 11.

On Plaintiff's behalf, Weaver purportedly obtained two loans from Wachovia, but Plaintiff contends she only wanted one.  Id. at ¶¶ 18-19.  On the advice of Weaver, Plaintiff did not attend the closing of her home loans.  Id. ¶ 16.  Plaintiff further alleges that her signature was forged on various loan documents, but admits she did sign some documents in connection with the subject loans.  Id. at ¶¶ 16-18.

In addition, Plaintiff vaguely alleges "Defendants" violated TILA by failing to deliver two copies of her Notice of Right to Rescind, but she does not indicate in connection with which loan Defendants failed to provide the Notices.  Id. at ¶ 61.  Similarly, Plaintiff alleges that "Defendants" failed to deliver all material disclosures required by TILA, but does not indicate

DOCSOAK-9916530.1

whether Defendants failed to provide any disclosures at all, or whether the disclosures that Defendants made were misleading.  Id. at ¶ 62.

Plaintiff also alleges that World Savings Bank serviced Plaintiff's initial mortgages and that Wachovia Corporation now services her mortgages.  Id. ¶¶ 20-21.[2]  Plaintiff claims she was not notified of this "servicing transfer."  Id. ¶ 72.

Plaintiff further contends that "at all relevant times, Steven Weaver acted as an actual agent of the Defendants.  In the alternative, at all relevant times, Steven Weaver was an actual or implied agent of the Defendants."  Id. at ¶¶ 23-24.  Plaintiff, however, states no facts to support this boilerplate agency allegation.  Nor does Plaintiff explain how Weaver could have acted as the agent of each and every defendant.

Moreover, Plaintiff alleges that, well after her loans funded, she sent Wachovia correspondence requesting information regarding the servicing of her home loan and that Wachovia failed to respond to that correspondence within the time period required by RESPA. Id. at ¶ 72.

Based on the foregoing allegations, on July 24, 2007, Plaintiff sued Weaver, Aacapulco Home Loans, Wachovia and Ticor Title Insurance Company for fraud, violation of the Illinois Consumer Fraud Act, violation of TILA, violation of RESPA and accounting.

### III.    ANALYSIS

#### A.    Standard For Motion To Dismiss

It is well-established that a motion to dismiss should be granted where a plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  Stanley v.

---

[2] Plaintiff fails to state that Wachovia acquired World Savings Bank, FSB and, therefore, the same entity continues to service his loan.

DOCSOAK-9916530.1

International Amateur Athletic Fed., 244 F.3d 580, 597 (7th Cir. 2001).  For purposes of a motion to dismiss, the Court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff.  See Travel All Over The World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1429 (7th Cir. 1996). However, as the United States Supreme Court held last year, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007).  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.  Id.  Thus, the court is "not required to accept legal conclusions that may be alleged or that may be drawn from the pleaded facts.  Furthermore, conclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." Mid-America Reg'l Bargaining Assoc. v. Will County Carpenters Dist. Council, 675 F.2d 881, 883 (7th Cir. 1982) (internal citations omitted); accord Hiland Diary, Inc. v. Kroger Co., 402 F.2d 968, 973 (8th Cir. 1968) ("In testing the legal sufficiency of the complaint . . . conclusions of law and unreasonable inferences or unwarranted deductions of fact are not admitted.") (cited in Mid-America, 675 F.2d at 883).

**B.    Plaintiff Lacks Standing To Bring A RESPA Or Accounting Claim Against Wachovia**

Plaintiff claims that Wachovia violated RESPA by 1) failing to respond to Plaintiff's qualified written request within 60 days and, 2) failing to provide Plaintiff with proper notice of a servicing transfer when Wachovia acquired World Savings Bank, FSB.  See Cmplt, ¶ 71, citing 12 U.S.C. §2605.  Plaintiff, however, lacks standing to bring a RESPA claim on either of these grounds because she has suffered no injury in fact as a result of the alleged violations.

RESPA designates HUD as the Federal agency responsible for prescribing

DOCSOAK-9916530.1

regulations and interpreting RESPA.  12 USC § 2612(a).  In order to survive a motion to dismiss a 12 U.S.C. §2605 claim, a plaintiff must describe actual damages suffered as a result of the alleged RESPA violation.  Byrd v. Homecomings Fin. Network, 407 F. Supp. 2d 937, 945-946 (N.D. Ill. 2005).  As the Court stated in Byrd, 12 U.S.C. §2605(f) "requires a party to show actual damage from a violation of §2605(e)(2).  [Plaintiff] does not and cannot allege actual damage…Therefore, [Plaintiff] fails to state a claim under RESPA as a matter of law."  Id.  Here Plaintiff lacks standing to bring her RESPA claim because she has not and cannot plead that she suffered actual damages as a result of the RESPA violation.  Thus, the Court should dismiss Plaintiff's RESPA claim, *with prejudice*.

As Plaintiff's accounting claim merely restates her deficient RESPA allegations, it fails for the same reasons as outlined above.

## C.    Plaintiff Fails To State a Fraud Claim Against Wachovia

Plaintiff claims "defendants" committed fraud and violated the Illinois Consumer Fraud Act by: a) Misrepresenting the interest rate which would apply to the mortgage; b) misrepresenting the monthly payment which would apply to the mortgage; c) fraudulently executing a second mortgage on Plaintiff's home; d) forging Plaintiff's name to loan documents in an effort to enter a second mortgage on Plaintiff's home; e) notarizing and closing on a HUD document which was clearly and obviously a forgery and; f) misrepresenting the nature of their business practices and the business practices of Steven Weaver.  Cmplt, ¶31.  Plaintiff does not allege that she ever even spoke to anyone at Wachovia, let alone that Wachovia committed any of these wrongs.  She does not allege that Wachovia attended the closing or otherwise had the opportunity to forge the loan documents prior to recordation.  In sum, these allegations aimed at all "Defendants" fail to state a claim for fraud against Wachovia.

- 6 -

### 1.    Plaintiff Fails To Plead Fraud With The Requisite Specificity

As a preliminary matter, Plaintiff's Fraud and Consumer Fraud claims fail to satisfy basic pleading standards. Federal Rule of Civil Procedure 9(b) provides that, "In all averments of fraud or mistake, the circumstances constituting the fraud or mistake shall be stated with particularity." "[B]y requiring the plaintiff to allege the who, what, where and when of the alleged fraud, the rule requires the plaintiff to conduct a pre-complaint investigation in sufficient to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate." Ackerman v. N.W. Mut. Life Ins. Co., 172 F.3d 467, 469 (7th Cir. 1999). Here, the Complaint fails to identify a single allegedly fraudulent statement made by Wachovia, let alone the date such statement was made, by whom it was made, or the source of that person's authority to speak for Wachovia. Thus, Plaintiff's fraud claim for relief comes nowhere near stating fraud with the specificity required by Federal Rule 9(b).

### 2.    Wachovia Is Not Liable For Mr. Weaver's Statements As a Matter Of Law

Plaintiff seeks to circumvent the truth that Wachovia made no fraudulent representations in connection with the subject loans by offering a boilerplate allegation that Plaintiff's mortgage broker was Wachovia's agent. Such boilerplate allegations are insufficient to support a claim of agency. See Buick v. World Sav. Bank, 2008 U.S. Dist. LEXIS 48801 (June 12, 2008 E.D. Cal.) (holding that plaintiffs failed to adequately allege an agency relationship because they did not allege any *facts* to support their boilerplate allegation). As Plaintiff has not (and cannot in good faith) identified facts sufficient to support her agency allegation, Wachovia is not liable for the conduct of *Plaintiff's* broker (and agent), Weaver, as a matter of law.

DOCSOAK-9916530.1

### 3.    Federal Law Preempts Some Of Plaintiffs Fraud Claims

Moreover, the Court should strike Plaintiff's fraud claims grounded in Wachovia's alleged misrepresentations regarding the terms of Plaintiff's loans. See, e.g., Cmplt. ¶31(a)-(b). Wachovia is a federal savings bank and all of its lending activities, including the advertisement and disclosures relating to Plaintiffs' loan, were and are governed exclusively by the Home Owners' Loan Act of 1933, 48 Stat. 129, as amended, 12 U.S.C. Section 1461, *et seq.* (HOLA), and regulations promulgated under HOLA at 12 C.F.R. Section 560.2. Federal courts have routinely barred any attempt to use fraud claims to attack a federal savings bank's advertisements or disclosures. Prince-Servance v. BankUnited, FSB, 2007 U.S. Dist. LEXIS 81774 (N.D. Ill. November 1, 2007); Silvas v. E*Trade Mortg. Corp., 514 F.3d 1001 (9th Cir. 2008). Because Plaintiff seeks to employ state law to supplement the Truth in Lending Act's requirement, HOLA preempts her fraud claims grounded in Wachovia's allegedly inaccurate disclosures and advertisements. Thus, the Court should strike these allegations as to Wachovia.

### D.    Plaintiff's TILA Allegation Is So Vague Wachovia Cannot Reasonably Be Expected To Respond To It

"A Party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Federal Rule of Civil Procedure 12(e). Here, Wachovia cannot respond to Plaintiff's TILA claim as stated in the Complaint. The claim is ambiguous as to whether Plaintiff is alleging that Wachovia violated TILA because Plaintiff never received any of the required disclosures, or because the disclosures were inadequate. The claim also fails to specify which TILA claims are associated with which of Plaintiff's loans. The Complaint's ambiguity on this point is particularly important given that TILA imposes different disclosure requirements on open end credit transactions and closed end credit transactions. Compare 12

- 8 -

C.F.R. 226.5, *et seq.* and 12 C.F.R. 226.17, *et seq.*  Without these key pieces of information, Wachovia cannot reasonably be expected to respond to Plaintiff's TILA claim, or determine its rights and obligations as to the other defendants.  As such, Wachovia requests that the court dismiss Plaintiff's TILA claim for relief.

**E.      Plaintiff's Complaint Constitutes An Improper Shotgun Pleading**

Courts routinely admonish litigants who file shotgun pleadings.  Bailey v. Janssen Pharmaceutica, Inc., 2008 U.S. App. LEXIS 16183, *11 (11th Cir. July 29, 2008).  "The typical shotgun complaint contains several counts, each one incorporating by reference all the allegations of its predecessors, leading to a situation where most of the counts (*i.e.*, all but the first) contain irrelevant factual allegations and legal conclusions."  Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg, Corp., 305 F.3d 1293, 1295 (11th Cir. 2002).  Courts encourage defendants to make motions for a more definite statements when faced with a shotgun complaint and consistently grant such motions.  United States ex rel. Garst v. Lockheed-Martin Corp., 2002 U.S. Dist. LEXIS 14307, *7 (N.D. Ill. July 31, 2002), citing Anderson v. Dist. Bd. Of Trustees, 77 F.3d 364, 366 (11th Cir. 1996).

Here, Plaintiff incorporates each and every preceding paragraph in her Complaint by reference and alleges each defendant is liable under each theory of recovery.  Wachovia cannot determine which bad acts Plaintiff alleges Wachovia committed as opposed to those perpetrated by the other defendants.  Thus, Plaintiff's Complaint is a classic example of a shotgun pleading and, at a minimum, the Court should require Plaintiff to replead it.

**IV.      CONCLUSION**

Plaintiff does not and cannot state a claim for relief under RESPA or for accounting because she suffered no damages as a result of the alleged misconduct.  Further,

- 9 -

Plaintiff does not and cannot state a fraud claim because Wachovia did not make any fraudulent misrepresentation in connection with the subject loans and is not responsible for Plaintiff's mortgage broker's alleged misrepresentations.  In any event, Plaintiff fails to plead fraud with the requisite specificity.  Finally, the Court should require Plaintiff to replead the remainder of her Complaint because it is so vague and ambiguous that Wachovia cannot reasonably be expected to respond.

Dated:  August 25, 2008                              Respectfully submitted,


                              By: /s/ Gary S. Caplan_____
                                    Gary S. Caplan
                                    REED SMITH LLP
                                    10 South Wacker Drive
                                    Chicago, IL  60606-7507
                                    Telephone:    +1 312 207 1000
                                    Facsimile:    +1 312 207 6400


                                    *Counsel for* Defendant
                                    Wachovia Financial Services Inc.

DOCSOAK-9916530.1