# APPENDIX 1

AO88  (Rev. 12/07) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

### Northern District of Illinois

LENKA PASTORNICKA

V.

WACHOVIA MORTGAGE, FSB, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  08 C 4480

TO:   Daniel Gonzalez
      1904 South Cicero Ste. #1
      Cicero, IL 60804

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |
|  | |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Warner Law Firm, LLC, 155 N. Michigan Ave. Ste. 737 (7th Fl. Conference Room), Chicago, Illinois 60601 | DATE AND TIME   8/14/2009 9:00 am |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents realted to Lenka Pastorinka; all documents related to the current home and business address and SSN of Carlos Gonzalez and Steven Weaver; all contracts you have had with with Wachovia Mortg., World Savings Bank, Ticor Title Ins. Co, or Acapulco Realty related to transcations involving real estate from 2006-2008.

| PLACE   Warner Law Firm, LLC, 155 N. Michigan Ave. Ste. 737 (7th Fl. Conferance Room), Chicago, Illinois 60601 | DATE AND TIME   8/14/2009 9:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  | |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Curtis C. Warner*  (Attorney for Plaintiff) | 7/9/2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Curtis C. Warner, 155 N. Michigan Ave. Ste. 737, Chicago, Illinois 60601

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

|  | DATE | | SIGNATURE OF SERVER |
|---|---|---|---|

|  | | ADDRESS OF SERVER |
|---|---|---|

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may  promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# APPENDIX 2

# ARDC  ATTORNEY REGISTRATION & DISCIPLINARY COMMISSION
## OF THE SUPREME COURT OF ILLINOIS

WEBSITE INFORMATION | SEARCH SITE | HOME

Lawyer Search

Lawyer Registration

How to Submit a Request For Investigation

Rules and Decisions

Ethics Inquiry Program

Publications

New Filings, Hearing Schedules and Clerk's Office

Client Protection Program

Resources & Links

ARDC Organizational Information

## *LAWYER SEARCH: ATTORNEY'S REGISTRATION AND PUBLIC DISCIPLINARY RECORD*

ARDC Individual Attorney Record of Public Registration and Public Disciplinary and Disability Information as of July 27, 2009 at 11:31:36 AM:

| | |
|---|---|
| **Full Licensed Name:** | Daniel Gonzalez |
| **Full Former name(s):** | None |
| **Date of Admission as Lawyer   by Illinois Supreme Court:** | September 27, 2005 |
| **Registered Business Address:** | Daniel Gonzalez 1904 South Cicero Ste #1 Cicero, IL 60804-2545 |
| **Registered Business Phone:** | (708) 652-5557 |
| **Illinois Registration Status:** | Active and authorized to practice law  - Last Registered Year: 2009 |
| **Malpractice Insurance: (Current as of date of registration; consult attorney for further information)** | In annual registration, attorney reported that he/she does not have malpractice coverage. (Some attorneys, such as judges, government lawyers, and in-house corporate lawyers, may not carry coverage due to the nature of their practice setting.) |

**Public Record of Discipline and Pending Proceedings:**     None

Check carefully to be sure that you have selected the correct lawyer. At times, lawyers have similar names. The disciplinary results displayed above include information related to any and all public discipline, court-ordered disability inactive status, reinstatement and restoration dispositions, and pending public proceedings. Investigations are confidential and information related to the existence or status of any investigation is not available. For additional information regarding data on this website, contact ARDC at (312) 565-2600 or, within Illinois, at (800) 826-8625.

# APPENDIX 3

ISSUED BY THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
CASE NO. 08 C 4480
AFFIDAVIT OF SPECIAL PROCESS SERVER

**Christopher Moore**, being first duly sworn on oath deposes and says that he served process in the above mentioned cause.
That he served the within:

        (  ) Summons & Complaint
        (  ) Citation to Discover Assets
        (  ) Rule to Show Cause
        (  ) Subpoena
        (  ) Other:

1.    (  ) By leaving a copy with the named party, -------- personally on --------.

2.    (  ) That the sex, race and approximate age of the person with whom he left the documents were as follows:
SEX: --------        RACE: --------        APPROXIMATE AGE: -----

3.    (  ) That the place where and the time of day when the documents were served were as follows:
PLACE: --------                          TIME OF DAY: -------

4.    ( X ) That he was unable to serve the within named party **Daniel Gonzalez** located at 1904 S. Cicero, Ste. #1, Cicero, Il 60804 for the reason: Attempted service on 7/13/09 @ 10:00am and per secretary (Female, Hispanic) the subject was not in the office; I could hear a Male's voice on the telephone coming from another office. Attempted service on 7/14/09 @ 9:30am and per receptionist, the subject was not in. Attempted service on 7/16/09 @ 10:30am, 7/17/09 @ 10:40am and on both attempts, the subject was in the office; the receptionist informed me that the subject was with a client and that he was available by appointment only. Attempted service on 7/17/09 @ 10:55am and I observed a client of the subject leave the subject's office; I was informed through the subject's secretary that he would not come out to accept the documents. Attempted service on 7/21/09 @ 12:30pm and per receptionist, the subject was with a client and would not accept the documents. Attempted service on 7/22/09 @ 10:40am, 7/24/09 @ 11:35am and on both attempts, the receptionist informed me that I would only be able to leave the documents with her as the subject would not accept personally. The subject appears to be avoiding service due to the above service attempts. Therefore, I was unable to contact the subject and effect service.

Signed and Sworn to before me
This 28th day of July 2009.

_____
Christopher Moore
Special Process Server
IT'S YOUR SERVE, INC.
Private Detective No. 117-000885

OFFICIAL SEAL
FELICIA CONROY
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/19/11