**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LENKA PASTORNICKA, | ) | |
| | ) | 08 C 4480 |
| Plaintiff, | ) | |
| | ) | Honorable Charles R. Norgle Sr. |
| v. | ) | |
| | ) | Honorable Jeffery Cole |
| WACHOVIA MORTGAGE, FSB, et al., | ) | Magistrate Judge |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S *SUR*-REPLY IN OPPOSITION**
**TO TICOR TITLE INSURANCE COMPANY'S**
**MOTION TO ADJOURN THE SETTLEMENT CONFERENCE**

NOW COMES, Plaintiff Lenka Pastornicka ("Plaintiff"), by and though her counsel and submits this *sur*-reply in opposition to Ticor Title Insurance Company's ("Ticor") motion to adjourn the January 12, 2010 settlement conference.

Plaintiff states as follows:

1.   Ticor's reply brief for the first time now claims that it one and only representative with full authority to attend the settlement conference cannot attend now as that person is hospitalized. (Ticor Reply. p. 1).

2.   Ticor is not a small company. It has 157 offices thought out the United States including Illinois offices located in Niles, Northbrook, Oak Brook, Oak Lawn, Orland Park, Oak Lawn, Orland Park, Schaumburg, St. Charles, Vernon Hills, Waukegan, Wheaton, Wilmington and Yorkville. *available at*

https://www.ticortitle.com/bd_results.asp.

3.   It is difficult to imagine that a company of Ticor's size only has one person who is authorized by the company to appear at the settlement conference with full

authority; most notably missing form Ticor's motion and reply is the name of the person with full settlement authority and that persons title with in the company.

4. As of 2006 it was reported that Ticor had the following people as its Principal Officers:

Raymond Randall Quirk President and Chief Executive Officer
Christopher Abbinante President, Eastern Operations
Roger Scott Jewkes President, Western Operations
Erika Meinhardt President, National Agency Operations
Raymond M. Cavanagh Executive Vice President
Thomas Edgar Evans, Jr. Executive Vice President
Harry Statten Geer, Jr Executive Vice President and Divisional Manager
Curtis James Hoffman Executive Vice President and Manager
Steven Kent Johnson Executive Vice President
Jeffrey Raymond Knudson Executive Vice President
Jack Anthony Marino, Jr. Executive Vice President
Thomas A. Middaugh Executive Vice President
Anthony John Park Executive Vice President and Chief Financial Officer
Peter Tadeusz Sadowski Executive Vice President
Ernest Donald Smith Executive Vice President
Alan Lynn Stinson Executive Vice President
Gary Robert Urquhart Executive Vice President and General Counsel
Frank Patrick Willey Executive Vice President

Report of the Examination of Ticor Title Insurance Company as of December 31, 2006.

5. Next, Ticor's reply states that its "*Motion will be withdrawn when plaintiff commits to resolving this matter pursuant to the Tentative Agreement.*" (Ticor Reply. p. 1) (emphasis in original).

6. Plaintiff's e-mails in her response should demonstrate to this Court that there is a commitment to enter into a similar agreement of what her counsel thought was a done deal in August of 2009, before Defendants counsel claimed they had no settlement authority to bind their clients to the terms that were on the table.

7. The terms set forth at August 2009 were the bare minimum terms to which

she would accept if the deal could be done on that day. More litigation has occurred after the August 2009 meeting including Plaintiff taking one deposition.

8. It is now those bare minimum terms from August 2009 that Ticor wants on one side of its mouth lock Plaintiff in to agreeing to demand before the settlement conference, and yet speaking out the other side wants not to make any offer, not even an offer with the Defendant now described "Tentative Agreement" terms. Again Defendants conduct of not making any offer in their settlement memorandum is contrary to this Court's standing order regarding settlement conferences.

9. Ticor's website states, "Ticor's tremendous financial strength is backed by ***claim reserves of $2.6 billion*** - the largest in the industry. ***Our claims-paying ability*** provides customers peace of mind and consistently earns 'A' ratings or higher from Standard & Poor's and Moody's." *available at* https://www.ticortitle.com/ (emphasis added).

9. Now Ticor wants to skip out of personally attending the settlement conference because of the increase in attorney's fees, that are open for negotiation, above the initial bare minimum amount Plaintiff was willing to accept back in August 2009. The increase demanded is not a great amount in the scope of things, even though it is two times more than what was on the table in August 2009, and are *de minimums* compared to the $2.6 billion in claim paying ability that Ticor boasts of.

10. Plaintiff does not expect to be paid the whole additional amount requested in attorney's fees but at the same time wants that one chip to bargain with at the settlement table given that the other terms she is willing to agree to and Defendants' unwillingness to make any offer with binding authority.

3

4

WHEREFORE, Plaintiff requests this Honorable Court to deny Ticor's Motion to Adjourn the Settlement Conference and grant Plaintiff any other relief that this Court deems appropriate for Defendants' failure to make a settlement offer in their January 5, 2010 settlement conference memorandum and for having to oppose Ticor's motion.

                                                  Respectfully submitted,

                                                  s/ Curtis C. Warner
                                                    Curtis C. Warner

Curtis C. Warner    (6282197)
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)